STATE OF CONNECTICUT *v.* JAMES E. SCATES

REVIEW DIVISION OF THE SUPERIOR COURT

Decided December 27, 1960

*James E. Scates,* the defendant, pro se.

*Lorin W. Willis,* state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty, pleaded guilty to the charge of breaking and entering and on May 24, 1960, was sentenced to the state prison for not less than one nor more than three years. The maximum sentence therefor is for not more than four years. General Statutes § 53-76. Said sentence was to be served concurrently with a five- to ten-year sentence imposed in 1957 for a narcotics violation.

The defendant, here, is not complaining of his current sentence but of the sentence and its terms in 1957. The fact is that on May 29, 1957, the defendant was sentenced to the Connecticut state prison for five to ten years, execution of which sentence was suspended, and the defendant was placed on probation. Because of the charge in 1960, the court then felt it had no other alternative but to revoke the suspension of 1957 and to order the accused to serve the sentence.

General Statutes § 51-195 reads in part as follows: "Any person sentenced to a term of one year or more in the State Prison . . . by any court of competent jurisdiction may, within thirty days from the date such sentence was imposed, . . . file with the clerk of the superior court for the county in which the judgment was rendered an application for review of the sentence by the review division." Section 5 of Public Act No. 14 of the special session of September, 1957, reads: "Notwithstanding the time limitation imposed in [section 51-195] . . . , this act shall apply to any person imprisoned on the effective date of said section who files an application for review of such sentence within thirty days after January 1, 1958. . . ."

The sentence in question was imposed May 29, 1957. More than thirty days have elapsed since January 1, 1958, to the date of application to review.

The Review Division is without power to act.

Shapiro, Covello and Healey, Js., participated in this decision.