STATE OF CONNECTICUT *v.* BURTON J. WEBB

REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 26, 1965

*Robert C. Delaney,* of Hartford, for the defendant.

*Harry W. Hultgren, Jr.,* assistant state's attorney, for the state.

BY THE DIVISION. On May 3, 1963, the defendant, then twenty years of age, pleaded guilty to a charge of violation of the Uniform State Narcotic Drug Act in that he administered to himself an exempt narcotic drug containing codeine, an opiate derivative, in violation of §§ 19-246 and 19-265a of the General

Statutes. The court imposed a sentence of not less than two years nor more than four years, suspended execution thereof, and committed the defendant to the custody of the probation officer for a period of two years. At the time of the imposition of sentence, the defendant was given written notice of his right to make application for review of said sentence by the Review Division of the Superior Court pursuant to the provisions of § 51-195. He did not file any such application for review within thirty days from the date of sentence.

On June 26, 1964, the defendant's twenty-second birthday, he pleaded guilty to a charge of escape while in the legal custody of a police officer outside the limits of any penal or correctional institution, in violation of § 53-162, as amended. At that time the defendant was also presented for violation of the conditions of his probation under the 1963 sentence on the narcotics charge. The court found that the defendant had violated the conditions of his probation and ordered him to serve the sentence of not less than two years nor more than four years which had been imposed and suspended in 1963. The court also sentenced the defendant to a term of not less than one year and a day nor more than thirteen months on the escape charge, to be served concurrently with the two-to-four-year sentence on the narcotics charge.

The clerk again gave the defendant notice of his right to make application for review of the two-to-four-year sentence on the narcotics charge, as well as notice of his right to apply for review of the sentence imposed on the escape charge. The defendant filed his application for review on July 2, 1964.

The transcript of the proceedings on June 26, 1964, when the sentences here in question were fixed indicates that the attorney for the state was of the

opinion that in the case of a probation violator the court was without power to modify the sentence that had been imposed and suspended. The court indicated doubt as to its power in this respect. The law formerly authorized the court to revoke the probation and "cause the sentence imposed to be executed." Sup. 1955, § 3340d. However, presently in the event of a violation of any of the conditions of probation, the court may revoke the probation "and may require the defendant to serve the sentence imposed, or any lesser sentence." General Statutes § 54-114. The feeling of the court that if probation was revoked the court had no power to change the terms of the sentence previously imposed and suspended appeared to be a factor in the action taken by the court.

During the sentencing proceedings, the court stated that the defendant had the right to appear before the Review Division in respect to the order of the court that the defendant be required to serve the previously suspended two-to-four-year term, and the defendant has appeared before this division and requested a review of this sentence, which he is now serving.

The question before us in regard to the application to review the sentence imposed on May 3, 1963, when the court ordered the execution of that sentence suspended and the defendant committed to the custody of the probation officer, is whether the Review Division has any jurisdiction to entertain this application in view of the failure of the defendant to file an application for review within thirty days after May 3, 1963, even though he did file an application for review within thirty days after the date the court revoked his probation and ordered him to serve the sentence that had been suspended on May 3, 1963.

The Review Division is a purely statutory body and has only such jurisdiction as is conferred upon it by statute. It can act only in compliance with statutory requirements. General Statutes § 51-195 provides: "Any person sentenced to a term of one year or more in the State Prison . . . by any court of competent jurisdiction may, within thirty days from the *date such sentence . . . was imposed, . . .* file with the clerk . . . an application for review of the sentence by the review division." (Italics supplied.)

We are of the opinion that the "date . . . sentence . . . was imposed" was May 3, 1963, when the court ordered the defendant to be confined in the state prison for not less than two nor more than four years, suspended execution of that sentence, and placed the defendant on probation. The effect of an order suspending execution of a sentence is merely to delay the obligation of a defendant to serve it during the period that the order committing such defendant to the custody of the probation officer remained in force. During this period of probation, the court may revoke the probation and order the defendant to serve the full sentence originally imposed and suspended, or any lesser sentence. General Statutes § 54-114. The sentence thus ordered to be served is the same sentence execution of which had previously been suspended, or, if the court orders a lesser sentence to be served, it is nevertheless a part of the original sentence, and not a new or different sentence imposed for the first time.

It follows, therefore, that in respect to the sentence imposed and suspended on May 3, 1963, it does not avail the defendant that the clerk again gave him notice on June 26, 1964, of his right to apply for a review of sentence or that he did in fact

12

file an application for review within thirty days thereafter. The Review Division has no statutory authority to consider or make a decision in regard to the application filed on July 2, 1964, to review the sentence imposed on May 3, 1963.

In regard to the sentence of one year and a day to thirteen months imposed on the escape charge, any modification thereof would be useless to the defendant so long as the two-to-four-year sentence stands. We note, however, that the sentence is a fair and reasonable one for the offense of escaping while in the legal custody of a police officer outside the limits of any penal or correctional institution, for which § 53-162, as amended, provides a penalty of not more than ten years. It must stand.

It is understandable that defendants whose sentences are suspended do not file applications for review of their sentences. Perhaps they ought to be given an opportunity to do so after the revocation of probation and an order by the court that they serve the sentence originally imposed, or a lesser sentence. If so, the statute ought to be amended by the legislature to so provide.

BOGDANSKI, MEYERS and PALMER, Js., participated in this decision.