STATE OF CONNECTICUT *v.* RONALD J. JENSEN

REVIEW DIVISION OF THE SUPERIOR COURT

Decided April 3, 1967

*Edward W. Hebb,* of Hartford, for the defendant.

*Edward J. Daly, Jr.,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant pleaded guilty to one count charging violation of the Uniform State Narcotic Drug Act (General Statutes §§ 19-246, 19-265a), and to one count charging theft of a motor vehicle (§ 53-57). On September 24, 1965, he was committed to the Connecticut reformatory for a term of five years and a day on each count, to be served concurrently. The court suspended execution of the sentence and ordered the defendant committed to the custody of the probation officer for a period of two years. The record establishes that he was given notice of his right to request a review of his sentence on the day that sentence was imposed.

On April 20, 1966, the court revoked the defendant's probation and ordered him to serve the sentence of five years and a day imposed on September 24, 1965. On May 16, 1966, the defendant filed an application for review of his sentence. This application was not filed within thirty days after the original imposition of sentence on September 24, 1965, but was filed within thirty days after the revocation

of probation and the order to serve the term originally imposed and suspended.

General Statutes § 51-195 provides: "Any person . . . committed to the Connecticut Reformatory, by any court of competent jurisdiction may, within thirty days from the *date such . . . commitment was imposed,* file with the clerk . . . an application for review of the sentence by the review division." (Italics supplied.) We are of the opinion that the "date . . . commitment was imposed" was September 24, 1965, when the sentence was originally imposed and suspended. "The effect of an order suspending execution of a sentence is merely to delay the obligation of a defendant to serve it during the period that the order committing such defendant to the custody of the probation officer remained in force. During this period of probation, the court may revoke the probation and order the defendant to serve the full sentence originally imposed and suspended, or any lesser sentence. General Statutes § 54-114. The sentence thus ordered to be served is the same sentence execution of which had previously been suspended, or, if the court orders a lesser sentence to be served, it is nevertheless a part of the original sentence, and not a new or different sentence imposed for the first time." *State* v. *Webb,* 26 Conn. Sup. 8, 11.

Because this application for review was not filed within thirty days from the date commitment was imposed, the Review Division has no statutory authority to consider or make any decision in regard to it. *State* v. *Webb,* supra, 12.

Accordingly, the application for review must be dismissed for want of jurisdiction.

PALMER, HEALEY and BARBER, Js., participated in this decision.