STATE OF CONNECTICUT *v.* ROBERT P. DYSON

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 1, 1967

*S. William Bromson,* of Windsor Locks, for the defendant.

*Charles M. Parakilas,* prosecuting attorney, for the state.

BY THE DIVISION. The defendant pleaded guilty to breach of the peace, in violation of § 53-174 of the General Statutes, which provides for a fine of

not more than $500 or imprisonment for not more than one year or both. On August 9, 1966, he was committed to the Connecticut reformatory for an indefinite term. The court suspended execution of the sentence and ordered the defendant committed to the custody of the probation officer for a term of two years. On the same day, he was given notice of his right to request a review of his sentence pursuant to § 51-195, as amended.

On January 17, 1967, the court found that he had violated the conditions of his probation, revoked his probation, and ordered him to serve the indefinite term that had been imposed on August 9, 1966. On January 26, 1967, the defendant filed the application for review of his sentence which is now before us. This application was not filed within thirty days after the imposition of sentence on August 9, 1966, although it was filed within thirty days after the revocation of probation and the order to serve the term that had been imposed originally and suspended.

Section 51-195, as amended, provides: "Any person . . . committed to the Connecticut Reformatory, by any court of competent jurisdiction may, within thirty days from the *date such . . . commitment was imposed,* . . . file with the clerk . . . an application for review of the sentence by the review division." (Italics supplied.)

The "date . . . commitment was imposed" was August 9, 1966, when the court imposed sentence and suspended its execution. "The effect of an order suspending execution of a sentence is merely to delay the obligation of a defendant to serve it during the period that the order committing such defendant to the custody of the probation officer remained in force. During this period of probation, the court may revoke the probation and order the

defendant to serve the full sentence originally imposed and suspended, or any lesser sentence. General Statutes § 54-114. The sentence thus ordered to be served is the same sentence execution of which had previously been suspended, or, if the court orders a lesser sentence to be served, it is nevertheless a part of the original sentence, and not a new or different sentence imposed for the first time." *State* v. *Webb,* 26 Conn. Sup. 8, 11.

"It is understandable that defendants whose sentences are suspended [and who are placed on probation] do not file applications for review of their sentences. Perhaps they ought to be given an opportunity to do so after the revocation of probation and an order by the court that they serve the sentence originally imposed, or a lesser sentence. If so, the statute ought to be amended by the legislature to so provide." Id., 12.

As the defendant's application was not filed within thirty days after the sentence of commitment to the reformatory, the Review Division has no statutory authority to consider or make any decision in regard to the application on its merits.

Accordingly, the application must be dismissed for want of jurisdiction.

PALMER, HEALEY and BARBER, Js., participated in this decision.