STATE OF CONNECTICUT *v.* WILLIAM N. RICE

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 22, 1967

*Arnold M. Schwolsky,* of Hartford, for the defendant.

*George A. Silvester,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, seventeen years of age, pleaded guilty to one count of a Hartford County information charging him with breaking and entering with criminal intent in violation of § 53-76. He also pleaded guilty to a Middlesex County information charging him with one count of breaking and entering with criminal intent in violation of § 53-76, and one count of larceny, where the value was more than $15 but not exceeding $250, in violation of § 53-63. The penalty prescribed by § 53-76 is imprisonment for not more than four years. The penalty provided by § 53-63 for larceny in excess of $15 but not exceeding $250 is a fine of not more than $200 or imprisonment for not more than six months or both. The defendant was given an indeterminate sentence to the Connecticut reformatory on the Hartford County information and an indeter-

minate sentence to the Connecticut reformatory on both counts of the Middlesex County information, with the sentences imposed on both informations ordered to be served concurrently.

The Review Division is a purely statutory body and has only such jurisdiction as is conferred upon it by statute. *State* v. *Webb,* 26 Conn. Sup. 8, 11. It can act only in compliance with the statutes. General Statutes § 51-195, as amended, provides in part: "Any person . . . committed to the Connecticut Reformatory, by any court of competent jurisdiction may, within thirty days from the date such . . . commitment was imposed . . . file with the clerk of the superior court for the county in which the judgment was rendered an application for review of the sentence by the review division."

The commitment of this defendant to the Connecticut reformatory under both the Hartford County and Middlesex County informations was made on November 23, 1966, by the Superior Court in Hartford County at Hartford, where he was sentenced. The application for review of the sentence imposed under the Hartford County information was filed on December 27, 1966, in the clerk's office in Hartford. The filing of this application on December 27, 1966, was clearly not "within thirty days from the date such . . . commitment was imposed." See § 51-195 as amended. Because the application for review of the sentence imposed under the Hartford County information was not filed within the time required under this statute, this Division has no jurisdiction to pass upon the merits of that application for review.

The application for review of the commitment imposed under the Middlesex County information was filed in the clerk's office in Midddlesex County on December 24, 1966. That application recites the

place where sentenced as Middlesex County, whereas it was actually Hartford County.  Under the statute (§ 51-195 as amended), the application for review of the sentence imposed is to be filed "with the clerk of the superior court for the county in which the judgment was rendered."  The judgment on the Middlesex County information was rendered in Hartford County and not Middlesex County, and therefore that application for review should have been filed in Hartford County.  Because the statute was not complied with by virtue of the filing of this application for review in a county other than that in which this defendant was sentenced, this Division has no jurisdiction to pass upon the merits of that application.  It is also to be noted that the application for review of the sentence imposed under the Middlesex County information not only was filed in the wrong county but was not even filed there within thirty days from the date that the sentencing court in Hartford County imposed the commitment to the reformatory.

The applications for review of the sentences under the Hartford County information and the Middlesex County information are dismissed for want of jurisdiction.

PALMER, HEALEY and BARBER, Js., participated in this decision.