STATE OF CONNECTICUT v. DAVID MILLIORD, JR.

REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 7, 1970

(No. 29753).

*John M. Byrne,* assistant public defender, for the defendant.

*Bernard D. Gaffney,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, age twenty-four, was presented before the Superior Court at Hartford on January 15, 1969, when he pleaded guilty to the first and fifth counts in a five-count information charging him with violation of §§ 8 and 36 (a) of No. 555 of the Public Acts of 1967, now §§ 19-452 and 19-480 (a) of the General Statutes, and with conspiracy to violate §§ 8 and 36 (a) of No. 555 of the Public Acts of 1967, now §§ 19-452 and 19-480 (a) of the General Statutes. The remaining counts were nolled.

The defendant was found to be drug dependent, and on February 21, 1969, he received the following concurrent sentences: On the first count, not less than five nor more than six years in state prison; and on the fifth count, not less than two nor more than five years in state prison. After imposition of sentence, the court ordered commitment to the commissioner of mental health and suspended execution of sentence during the period of such commitment.

The defendant was notified on February 21, 1969, of his right to apply for review of his sentence by the Review Division of the Superior Court.

On May 13, 1969, the defendant was returned to the Superior Court at Hartford for review of the original sentence. See General Statutes § 19-499 (b). The court then ordered execution of the sentence imposed on the fifth count, continued the suspension of sentence on the first count, and ordered probation for two years.

The defendant, already notified on February 21, 1969, of his right to apply for review of his sentence by the Review Division, filed an application on May 13, 1969, for such review.

At this juncture it must be carefully observed that on February 21, 1969, judgment had been pronounced by the court and the execution thereof suspended. Thereafter, and specifically on May 13, 1969, the court revoked such suspension of the sentence on the fifth count, whereupon the judgment of not less than two nor more than five years in the state prison, imposed on February 21, 1969, came to be in full force and effect.

The only issue, then, is the timeliness of the appeal under § 51-195 of the General Statutes. That statute provides that any person sentenced as was this defendant may, within thirty days from the

date such sentence was imposed, apply for review of sentence by the Review Division of the Superior Court.

The record shows that notice of right to have his sentence reviewed was given to the defendant, pursuant to statute, on February 21, 1969, the date on which he was sentenced. The application for review of sentence was filed on May 13, 1969.

Section 51-195 of the General Statutes has been interpreted to mean that the Review Division of the Superior Court is jurisdictionally limited to consider only applications filed within thirty days of the imposition of sentence. *State* v. *Webb,* 26 Conn. Sup. 8, 11. The defendant was sentenced on February 21, 1969. His application for review of sentence was filed on May 13, 1969.

The application having been filed more than thirty days after sentence was imposed, the Review Division has no statutory authority to consider it or to make any decision in regard to the sentence.

The application for review of sentence filed by the defendant is dismissed for lack of jurisdiction to hear it.

WALL, DANNEHY and LEVINE, Js., participated in this decision.