STATE OF CONNECTICUT *v.* WAYNE J. PRINSKOWSKI

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 16, 1970

*Thomas J. Staley,* of New Haven, for the defendant.

*David B. Salzman,* assistant state's attorney, for the state.

BY THE DIVISION. Upon conviction for illegal possession of narcotic drug in violation of General Statutes § 19-481 (a), the court sentenced the defendant on July 17, 1969, to state prison for a term of not less than five nor more than ten years; ordered commitment to the commissioner of mental health; and suspended execution of such sentence during the period of such commitment. Written notice of the right to apply for review of sentence and an application form for review of sentence were given to the defendant on July 17, 1969.

After the commissioner of mental health notified the committing court that the defendant was not a fit subject for treatment, the defendant was returned to the Superior Court at New Haven for further and appropriate proceedings.

On September 9, 1969, the commitment was terminated, the suspension of sentence revoked, and the defendant was ordered to serve a modified term in the state prison of not less than four nor more than eight years.

On October 1, 1969, the defendant applied for review of sentence.

In the light of *State* v. *Milliord,* 29 Conn. Sup. 134, decided by the Review Division on January 7, 1970, the instant application for review of sentence is dismissed. The Review Division has no statutory authority to consider any application filed more than thirty days after sentence is imposed. *State* v. *Webb,* 26 Conn. Sup. 8, 11.

WALL and DANNEHY, Js., participated in this decision.

SHEA, J. (dissenting). I cannot agree that a drug-dependent person upon whom a suspended sentence is imposed with a commitment to the commissioner of mental health must file an application for sentence review within thirty days of that sentence. In such a situation, review by the sentencing court is mandatory, unlike the ordinary suspended sentence with probation where the sentence may become effective only after there has been a violation of probation. Precedents requiring review applications to be filed within thirty days of the imposition of a suspended sentence with probation are inapplicable. *State* v. *Webb,* 26 Conn. Sup. 8, 11.

Where a drug-dependent person has been committed to the custody of the commissioner, he must be returned to court for "review of sentence" or for "such further proceedings as the court may deem appropriate." General Statutes § 19-499. If this defendant had obtained a review of his initial sentence by the Division, a further review and possible modification of that sentence would still have been required by the statute. The view of the majority, even if there had then been a modification by the trial court, would preclude any subsequent review by the Division of the sentence as modified, in spite of the plain intention of General Statutes § 51-195 to afford a right of review to any person sentenced to state prison.

It would be an exercise in futility to review sentences of the trial court which must again be reviewed by the trial court before becoming effective.

I dissent from the action of the Division in dismissing the application.