STATE OF CONNECTICUT *v.* NORMAN MORRISSETTE

REVIEW DIVISION OF THE SUPERIOR COURT

Decided February 17, 1971

(No. 30652).

*Richard A. Wallace,* special public defender, for the defendant.

*John D. LaBelle,* state's attorney, for the state.

BY THE DIVISION. The defendant, having pleaded guilty to larceny in excess of $2000, was sentenced to a term of two to ten years in the state prison. The application for review of the sentence was filed with the clerk of the court over six months later.

By agreement of counsel the matter was heard by two judges of the Division.

The Review Division of the Superior Court is a body created by statute. General Statutes § 51-194. Its power may be invoked by "[a]ny person sentenced to a term of one year or more in the State Prison or State Prison for Women, or committed to the Connecticut Reformatory, by any court of competent jurisdiction." General Statutes § 51-195. Thus the Division does not review every sentence to the state prisons or to the Connecticut Reformatory but only those sentences which a defendant may wish to have reviewed. It is obvious that a defendant would not apply to have a lenient sentence reviewed or one he felt might be increased (which could be done under the Division's powers). It should also be noted that the Division may not review a sentence on application of the state, where, for instance, the state might feel that too lenient a sentence was imposed.

Section 51-195 requires that the defendant, "within thirty days from the date such sentence or commitment was imposed," file an application for re-

view. This application must be filed "with the clerk of the superior court for the county in which the judgment was rendered."

The Division is concerned only with the sentence. The convicted person is afforded an opportunity for what is, in effect, a limited appeal for a reconsideration of the sentence. *Kohlfuss* v. *Warden,* 149 Conn. 692.

It is apparent that, in the instance of a defendant who wished to invoke the Division's powers but deliberately or negligently failed to file his application for review with the clerk within the thirty-day period specified by the statute, the Division would have no jurisdiction over the application and could not consider the matter on its merits. The Division has consistently so held. The reported cases include *State* v. *Scates,* 22 Conn. Sup. 270; *State* v. *Webb,* 26 Conn. Sup. 8; *State* v. *Dyson,* 27 Conn. Sup. 128.

Nor would the Division have jurisdiction in the instance where an application was filed late but the defendant claims that, for some reason beyond his control, the time limit was not met. The statute is mandatory. It requires the defendant to file the application for review with the proper clerk within thirty days.

In the present case, the record contains a statement that the application, through the inadvertence of a third party, was not filed with the clerk on time. Whether or not that is a fact requires the taking of evidence and the resolution of perhaps disputed questions of fact. If, in fact, through circumstances beyond the defendant's control, the application was not filed in time, it may be that the defendant's legal rights have been violated. The defendant should be able to test these problems in some collateral pro-

ceeding, perhaps by way of habeas corpus. The resolution of these questions is beyond this Division's powers.

The application is dismissed for lack of jurisdiction.

SHEA and O'SULLIVAN, Js., participated in this decision.