[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: November 30, 1987 and May 26, 1988 Date of Application: May 11, 1988 Date Application Filed: May 31, 1988 Date of Decision: June 23, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket No. 52447.
Martin Zeldis, Esq. Defense Counsel for Petitioner
 Edward Narus, Esq. Assistant State's Attorney for the State
BY THE DIVISION
After trial by jury, petitioner was convicted of sexual assault in the first degree in violation of General Statutes Section 53a-70 and risk of injury to a minor in violation of General Statutes Section 53-21. Sentencing was scheduled for November 9, 1987 and a pre-sentence investigation ordered for that date.
Some time after the jury verdict, petitioner voluntarily absented himself from the jurisdiction and fled to New York.
The probation department was unable to complete its pre-sentence investigation since petitioner was not available for interview.
After several continuances at which petitioner CT Page 6671 failed to appear, the matter was scheduled for November 25, 1987. When petitioner failed to appear on that date, his bond was called, a rearrest was ordered, and sentencing was scheduled for November 30, 1987.
On November 30, 1987, after finding that petitioner knowingly, intelligently and voluntarily absented himself to avoid sentencing, the court imposed a sentence of fifteen years execution suspended after twelve years with probation for five years on the first count and a concurrent sentence of four years was imposed on the second count.
Subsequently in 1988, petitioner turned himself in to the New York authorities and was returned to this jurisdiction. Petitioner was then presented on a charge of failure to appear in the first degree in violation of General Statutes Section 53-172(a).
Petitioner filed an application for review of the sentence imposed November 30, 1987. This application was filed May 31, 1988.
After a plea of guilty, petitioner was convicted of wilful failure to appear in the first degree on May 26, 1988, and a consecutive sentence of three years was imposed. No petition for review of this sentence was filed.
At the hearing on this petition, counsel indicated that review of the sentence of November 30, 1987 was sought.
The review division is purely a statutory body and has only such jurisdiction as is conferred upon it by statute. It can act only in compliance with statutory requirements. General Statutes Section 51-195 provides that "Any person sentenced on one or more counts of any information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years or more, may, within thirty days from the date sentence was imposed. . ., file with the clerk of the court for the judicial district in which judgment was rendered an application for review of the sentence by the review division." State v. Webb, 26 Conn. Sup. 8, 11 (1965).
Here, sentence was imposed on November 30, 1987 and the application was not filed until May 31, 1988, six months after the imposition of sentence. Clearly, the application was not filed within the time limited by the statute.
Because the application for review was not filed within the time limited by statute, this division has no CT Page 6672 authority to consider it. State v. Webb, supra; State v. Jensen, 27 Conn. Sup. 108, 109 (1967); State v. Morrissette,29 Conn. Sup. 131, 133 (1971); State v. Contino,29 Conn. Sup. 236 (1971).
The petition is dismissed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.