[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: July 12, 1991 Date of Application: August 9, 1991 Date Application Filed: August 16, 1991 Date of Decision: June 23, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket No. CR90-0393109.
Karen A. Goodrow, Esq., Defense Counsel for Petitioner
 Edward Narus, Esq., Assistant State's Attorney for the State
BY THE DIVISION
After a written plea of nolo contendere to the charge, petitioner was convicted of manslaughter in the first degree in violation of General Statutes Section 53a-55(a)(1) and, on July 12, 1991, a sentence of nineteen years was imposed.
Petitioner signed an application for sentence review on August 9, 1991. This application was stamped and filed by the clerk's office of the Superior Court for the Judicial District of Hartford-New Britain at Hartford on August 16, 1991.
The review division is purely a statutory body and has only jurisdiction as is conferred upon it by statute. It can act only in compliance with statutory requirements. State v. Webb, 26 Conn. Sup. 8, 11 (1965). General Statutes Section 51-195 provides as follows:
 Sec. 51-195. Application for review of sentence. Any person sentenced on one or more counts of an information to a term of imprisonment for which the total CT Page 6669 sentence of all such counts amounts to confinement for three years or more, may, within thirty days from the date such sentence was imposed or if the offender received a suspended sentence with a maximum confinement of three years or more, within thirty days of revocation of such suspended sentence, except in any case in which a different sentence could not have been imposed or in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement or in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement, file with the clerk of the court for the judicial district in which the judgment was rendered an application for review of the sentence by the review division. . . . (Emphasis added.)
This division has consistently held that unless the application for review of sentence is filed within thirty days from the date sentence was imposed, it has no authority to act. State v. Webb, supra; State v. Jensen, 27 Conn. Sup. 108,109 (1967); State v. Morrissette, 29 Conn. Sup. 131, 133
(1971); State v. Contino, 29 Conn. Sup. 236 (1971).
Here, the application was not filed within the time allowed by statute for filing such petition.
Appended to the application in the file is an envelope with petitioner's return address at Somers. The envelope has been postmarked 15 Aug. 1991, indicating that the application for review was mailed from the prison after the thirty-day period limited by statute had expired.
Although the application for review was signed within the thirty-day period, the clerk's stamp indicates that it was not filed within the time allowed by statute. For this reason, it must be concluded the the division has no authority to review the petition.
The petition is dismissed.
Purtill, J.
Klaczak, J.
Norko, J. CT Page 6670
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.