ROBERT FREDERICKS *v.* FREDERICK G. REINCKE, WARDEN OF CONNECTICUT STATE PRISON

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

502

Argued February 3—decided March 17, 1965

*S. William Bromson,* special public defender, with whom, on the brief, was *Philip A. Post,* for the appellant-appellee (plaintiff).

*George D. Stoughton,* assistant state's attorney, with whom, on the brief, were *John D. LaBelle,* state's attorney, and *Harry W. Hultgren, Jr.,* assistant state's attorney, for the appellee-appellant (state).

MURPHY, J.  The plaintiff, with John H. McGruder, was convicted on February 10, 1961, of the crime of robbery with violence by the jury in a trial before the Superior Court in Hartford.  Subsequently, he pleaded guilty to being a second offender, the plea was later erased, and he was sen-

tenced on March 3, 1961, to not less than seven nor more than fourteen years in the state prison. On April 16, 1963, he filed a petition for a writ of habeas corpus, which was issued, and, at the hearing thereon, he claimed that his constitutional right to counsel to perfect his appeal to this court had been violated. The plaintiff is an indigent. He alleged that his education did not go beyond the eighth grade and that he is unable to prosecute an appeal pro se. After he had partially presented his case, the court continued the hearing and appointed a special public defender to represent him at an adjourned hearing. The parties filed a stipulation of facts, and the habeas corpus was then heard de novo. The court concluded that under *Douglas* v. *California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811, decided on March 18, 1963, the plaintiff had been denied his right to counsel to perfect his appeal and directed his discharge from prison unless, at his further request, counsel was appointed to pursue his appeal and necessary extensions of time in which to perfect the appeal were granted. The defendant has appealed from the judgment, and the plaintiff has filed a cross appeal.

At his trial, the plaintiff was represented by a special public defender, who was appointed by the court when it appeared that there might be a conflict of interest between the plaintiff and McGruder, whom the public defender represented. General Statutes § 54-81; Practice Book § 472. The special public defender filed an appeal to this court for the plaintiff on March 17, 1961. General Statutes § 52-259a eliminated the requirement for the payment of court costs and other fees, and § 54-81 provided for compensation to the special public defender in taking the appeal and for necessary dis-

bursements in connection therewith. The special public defender obtained an extension of time in which to perfect the appeal. Thereafter, he notified the plaintiff that the appeal would be frivolous and did nothing further about it. A transcript of the evidence was provided the plaintiff. The plaintiff filed a motion for the appointment of counsel which was denied on September 26, 1961. Extensions of time until November 1, 1961, in which to perfect the appeal were made. On May 23, 1962, this court granted a motion to dismiss the appeal for failure to prosecute after a hearing at which the plaintiff stated in open court the reasons on which he based his appeal. Basically, he maintained that he was innocent and should not have been convicted. He made no claim that he was inadequately or improperly represented by the special public defender and failed to indicate any claim of error which appeared to warrant review. At that time, the United States Supreme Court had not handed down the opinion in the *Douglas* case, on which the plaintiff now bases his claim to illegal detention, and, therefore, the plaintiff did not then claim that the denial of his motion for the appointment of counsel to perfect and pursue his appeal, after his trial counsel had concluded that an appeal would be frivolous, was in violation of his constitutional rights.

I

In *Douglas,* the court (p. 356) limited its decision to one issue, the right of an indigent convicted of a crime to the assistance of counsel on the initial appeal afforded to persons upon criminal conviction, and held that where the merits of the one and only appeal an indigent has of right are decided without the benefit of counsel, an unconsti-

tutional line has been drawn between the rich and the poor in violation of the equal protection of the fourteenth amendment. The defendant, in his brief and argument, expresses the fear that if the plaintiff's claim to counsel for his appeal is sustained, it will be necessary to call the roll of attorneys until one can be found who will be willing to process the appeal even though it is groundless. We do not share that apprehension. *Douglas* does not require such extreme performance. Applied to the plaintiff, it must be construed to mean that when the special public defender who conducted the plaintiff's defense at his trial came to the conclusion that he could not conscientiously proceed with the appeal which he had taken to preserve the plaintiff's rights, and for which he had obtained an extension of time within which to file the papers essential to the processing of the appeal, and had notified both the plaintiff and the court of his decision, the plaintiff was entitled to have competent counsel appointed to represent him on the appeal. Lacking clairvoyance, the trial court committed error in denying the plaintiff's motion for counsel on appeal.

The decision in *Douglas* requires that an appointment of counsel now be made so that the plaintiff may have his right to the assistance of counsel on appeal. If, however, the new counsel, after interviewing the plaintiff and his witnesses, consulting with trial counsel, examining the trial record and conducting such investigation as he deems necessary to ascertain the merits of the appeal, comes to the conclusion that there is no substantial error which he can assign on appeal and so advises the plaintiff and the trial court, the constitutional requirement is satisfied and the plaintiff could not demand that the trial court find and appoint other counsel who will

advise an appeal. *Willoughby* v. *State,* 242 Ind. 183, 192, 177 N.E.2d 465 (quoting from *State ex rel. White* v. *Hilgemann,* 218 Ind. 572, 578, 34 N.E.2d 129). Certiorari was denied in *Willoughby* on June 17, 1963, three months after *Douglas* was decided. *Willoughby* v. *Indiana,* 374 U.S. 832, 83 S. Ct. 1876, 10 L. Ed. 2d 1055; see also *In re Nash,* 61 Cal. 2d 491, 393 P.2d 405. This determination disposes of the defendant's appeal.

## II

The plaintiff predicates his cross appeal on two contentions, the first being that the court exceeded its power in the habeas corpus judgment in that the plaintiff's discharge from prison was conditioned on the court's failure to appoint counsel, at his further request, to prosecute his appeal and to grant reasonable extensions of time for processing the appeal. The answer to that argument may be found in the opinion of the United States Supreme Court in *Dowd* v. *United States ex rel. Cook,* 340 U.S. 206, 209, 71 S. Ct. 262, 95 L. Ed. 215, a case somewhat analogous to the one before us: "There remains the question of the disposition to be made of this case. Fortunately, we are not confronted with the dilemma envisaged by the State of having to choose between ordering an absolute discharge of the prisoner and denying him all relief. The District Court has power in a habeas corpus proceeding to 'dispose of the matter as law and justice require.' 28 U.S.C. § 2243. The Fourteenth Amendment precludes Indiana from keeping respondent imprisoned if it persists in depriving him of the type of appeal generally afforded those convicted of crime. On the other hand, justice does not require Indiana to discharge respondent if such an appeal is granted and reveals

a trial record free from error. Now that this Court has determined the federal constitutional question, Indiana may find it possible to provide the appellate review to which respondent is entitled. The judgments of the Court of Appeals and the District Court are vacated and the case remanded. On remand, the District Court should enter such orders as are appropriate to allow the State a reasonable time in which to afford respondent the full appellate review he would have received but for the suppression of his papers, failing which he shall be discharged. See *Mahler* v. *Eby,* 264 U.S. 32, 46 [44 S. Ct. 283, 68 L. Ed. 549]." General Statutes § 52-470 provides that "[t]he court . . . hearing any habeas corpus shall . . . dispose of the case as law and justice require." Furthermore, our rules of court provide that they shall be liberally interpreted so as not to work surprise or injustice. Practice Book § 762.

In *Fay* v. *Noia,* 372 U.S. 391, 397, 441, 83 S. Ct. 822, 9 L. Ed. 2d 837, the United States Supreme Court affirmed the judgment of the Court of Appeals for the Second Circuit ordering that Noia's conviction be set aside and that he be discharged from custody unless he was given a new trial forthwith. In *Lane* v. *Brown,* 372 U.S. 477, 485, 83 S. Ct. 768, 9 L. Ed. 2d 892, the Supreme Court remanded the case "so that appropriate orders may be entered ordering Brown's discharge from custody, unless within a reasonable time the State of Indiana provides him an appeal on the merits to the Supreme Court of Indiana from the denial of the writ of error *coram nobis.*" Both *Noia* and *Lane* were decided on the same day as *Douglas.* See also *State* v. *Nash,* 149 Conn. 655, 658, 183 A.2d 275, cert. denied, 371 U.S. 868, 83 S. Ct. 130, 9 L. Ed. 2d 104.

The plaintiff's other contention is that the Superior Court did not have the authority to allow a late appeal. Ordinarily, that is so. In a case such as this one, however, where on habeas corpus it has been properly determined that a right of appeal required by the federal constitution has been denied, any rule restricting an appeal merely because of lapse of time necessarily is ineffective to preclude an appeal in accordance with federal constitutional requirements. We affirm the judgment in habeas corpus.

There is no error on either appeal.

In this opinion the other judges concurred.