STATE OF CONNECTICUT *v.* THOMAS F. ZAPPONE

REVIEW DIVISION OF THE SUPERIOR COURT

Decided December 4, 1968

*Emmet P. Nichols,* special public defender, for the defendant.

*Walter M. Pickett, Jr.,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant pleaded guilty to four counts of robbery with violence, a crime which carries a statutory penalty of imprisonment for not more than twenty-five years. General Statutes § 53-14. It appears that the defendant participated in four bank robberies netting $55,000, most of which was spent, or lost, in gambling.

On November 30, 1965, the court sentenced the defendant to an effective sentence of not less than seventeen nor more than forty years in the state prison. Before an application for review of sentence was filed, the defendant petitioned for a writ of habeas corpus, contesting his sentence. In the proceeding, he admitted that he had received a form application and notice of right to have his sentence reviewed. His only excuse for not filing an application, or not filing one within the time allowed, was that he was relying upon his attorney to get him out of prison. The petition was dismissed on February 2, 1968. Thereafter, on February 27, 1968, the defendant filed an application for review of sentence.

General Statutes § 51-195 permits an application for review of sentence to be filed within thirty days from the date that sentence was imposed. The Review Division is a statutory body and has only such jurisdiction as is conferred upon it by statute. There is no provision in the statute, or court rules, to permit late filing. See A.B.A. Standards Relating to Appellate Review of Sentences § 2.2 (Tent. Draft, 1967). Neither the sentencing court nor this Division is authorized to enlarge the time for filing an

application. No overriding federal constitutional requirement has been determined in the defendant's favor, in a habeas corpus or other proper proceeding. See *Fredericks* v. *Reincke,* 152 Conn. 501, 508.

The application in this case was not filed until more than two years after the sentence was imposed. Accordingly, this Division has no jurisdiction to consider or make any decision in regard to it. *State* v. *Scates,* 22 Conn. Sup. 270; *State* v. *Webb,* 26 Conn. Sup. 8, 11; *State* v. *Jensen,* 27 Conn. Sup. 108.

The application for review of sentence is dismissed for want of jurisdiction.

BARBER, WALL and SHEA, Js., participated in this decision.