STATE OF CONNECTICUT *v.* KEVIN T. ROBINSON
(4686)

DUPONT, C. J., HULL, BORDEN, SPALLONE, DALY and BIELUCH, Js.

Decision released April 21, 1987

---

*John R. Williams* filed the motion for the appellant (defendant).

*Marcia B. Smith,* assistant state's attorney, in opposition, for the appellee (state).

PER CURIAM. This opinion is a memorandum of decision on the defendant's motion to clarify the status of his appeal. The principal issue to be decided is whether the trial court, *Ripley, J.,* on a petition for a writ of habeas corpus, had the authority to order the discharge of the defendant from custody unless his appeal was reinstated by this court within a prescribed period of forty-five days. We hold that the habeas court exceeded the scope of its authority, and we therefore vacate the trial court's order.

The defendant was convicted, after a trial to a jury, of sexual assault in the first degree in violation of General Statutes § 53a-70. The defendant was sentenced to a term of ten years and was thereafter released on appeal bond. His appeal from that conviction was ultimately dismissed by this court for failure to file a brief.[1] Upon the dismissal of his appeal, the defendant was taken into custody. The defendant thereafter brought a habeas corpus action in the Superior Court for the judicial district of Tolland, claiming that he was deprived of the effective assistance of appellate counsel because his attorney had withdrawn from the case without filing the requisite appellate brief, and because

---

[1] On April 3, 1986, this court ordered the dismissal of the defendant's appeal unless he filed his brief on or before June 3, 1986. On June 5, 1986, this court, finding that such order had not been complied with, dismissed the appeal.

In his petition for writ of habeas corpus, the defendant claimed that after the appeal was filed, his attorney withdrew from the case without first filing either an appellate brief or an *Anders* brief. See *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). The defendant further claimed that he was not advised that he had the right to the assistance of court appointed appellate counsel.

the court made no attempt to procure substitute appellate counsel for him.[2] See *Douglas* v. *California,* 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811, reh. denied, 373 U.S. 905, 83 S. Ct. 1288, 10 L. Ed. 2d 200 (1963); *Gaines* v. *Manson,* 194 Conn. 510, 515–16, 481 A.2d 1084 (1984).

By a written stipulation filed in the habeas corpus action on September 8, 1986, the assistant state's attorney and the defendant's habeas corpus counsel agreed that the defendant's writ of habeas corpus should be granted and the defendant "discharged from custody unless his appeal to the Appellate Court is reinstated not later than forty-five days from the date of the order hereunder." On September 22, 1986, the trial court, *Ripley, J.,* pursuant to the stipulation, issued an order which read as follows: "So ordered."

On October 14, 1986, twenty-two days after the issuance of the trial court's order, the defendant filed a motion to reinstate his appeal in this court. Thereafter, on November 14, 1986, the state filed a motion in the habeas court to extend the date of the defendant's discharge since this court had not yet acted on the defendant's motion for reinstatement. The motion for an extension was, for inexplicable reasons, not pressed by the state in the habeas court. On December 5, 1986, seventy-four days after the issuance of the trial court's order, but fifty-four days after the filing of the defendant's motion, this court granted the defendant's motion for reinstatement of his appeal. The defendant, however, was discharged from custody on November 21,

---

[2] The defendant also claimed that his confinement was illegal because it was "based upon a criminal conviction obtained in violation of Petitioner's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I of the Connecticut Constitution, assuring him the right to due process of law, trial by a properly-instructed jury and effective assistance of counsel at trial and on appeal." In his prayer for relief, the defendant requested "that justice may be done."

1986, pursuant to the habeas court's order. On January 21, 1987, when the defendant did not file his appeal brief, the state filed a motion in the trial court for the setting of an appeal bond or the return of the defendant to custody. The trial court, *E. O'Connell, J.,* informed the parties that the matter was more appropriately before this court.

On February 24, 1987, the defendant filed the present motion for clarification in this court, requesting this court to "affirm that there is no longer any criminal action pending against [the] defendant-appellant and that this appeal is, accordingly, moot." The state, in its answer to the defendant's motion for clarification, and pursuant to the direction of the trial court, *E. O'Connell, J.,* has requested that this court address that issue, to determine whether the defendant's appeal is reinstated and whether the defendant should be returned to custody. Because we find that the habeas court exceeded the scope of its authority in imposing time limitations on this court, we hold that the defendant's discharge from custody, which was based solely on the failure of this court to adhere to the forty-five day time limit imposed on us by the habeas court, was erroneous. We reaffirm the status of his appeal, namely, that it was reinstated by this court on December 5, 1986, and is now pending in this court.

In reaching our decision, we are cognizant of the familiar proposition that "the writ of habeas corpus 'holds an honored position in our jurisprudence . . . [as] a bulwark against convictions that violate "fundamental fairness." ' *Eagle* v. *Issac,* 456 U.S. 107, 126, 102 S. Ct. 1558, 71 L. Ed. 2d 783, reh. denied, 456 U.S. 1001, 102 S. Ct. 2286, 73 L. Ed. 2d 1796, and reh. denied, 457 U.S. 1141, 102 S. Ct. 2976, 73 L. Ed. 2d 1361 (1982) . . . ." *Gaines* v. *Manson,* supra, 516. The habeas court has the power, pursuant to General Statutes § 52-470, to dispose of the case " ' "as law and

justice require." ' "[3] *Fredericks* v. *Reincke,* 152 Conn. 501, 506–507, 208 A.2d 756 (1965). The trial court, therefore, has the power to order the discharge of a petitioner from custody in appropriate circumstances; see *Gaines* v. *Manson,* supra; *Fredericks* v. *Reincke,* supra; because it, "much like a court of equity, has considerable discretion to frame a remedy, so long as that remedy is commensurate with the scope of the constitutional violations which have been established."[4] *Gaines* v. *Manson,* supra, 528.

The broad power vested in the trial court in a habeas corpus action, however, does not include the trial court's unnecessary intrusion into an appellate court's supervision and control of its own rules of procedure. See Practice Book § 4183 (formerly § 3096). By necessity, this court must have exclusive power over the control of its own docket, including the imposition of time limitations for hearing and deciding motions. Our Supreme Court has recognized that an appellate court "has 'the general supervisory power to protect its jurisdiction to hear appeals' and that this 'power cannot be defeated by the arbitrary action of a trial court.' " *State* v. *S & R Sanitation Services, Inc.,* 202 Conn. 300, 309–310, 521 A.2d 1019 (1987). The habeas court's imposition of a

[3] General Statutes § 52-470 (a) provides in pertinent part that "[t]he court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require."

[4] In *Gaines* v. *Manson,* 194 Conn. 510, 529, 481 A.2d 1084 (1984), for example, our Supreme Court recognized that a trial court could enter a conditional order of discharge under which the petitioner would be released unless, within a designated period of time, their appellate briefs were completed by the public defender's office or reassigned to a special public defender. In *Fredericks* v. *Reincke,* 152 Conn. 501, 506–508, 208 A.2d 756 (1965), our Supreme Court held that it was within the habeas court's power to order the petitioner's discharge from prison unless the *trial court* appointed counsel to prosecute his appeal and granted reasonable extensions of time within which to bring a late appeal.

forty-five day limitation within which this court was required to reinstate the defendant's appeal was an arbitrary interference with the general supervisory powers of this court.

It is important to note that in reaching this conclusion, we are *not* reviewing the propriety of the trial court's action in a collateral habeas corpus proceeding not presently before this court. Rather, upon considering the defendant's motion for clarification, and utilizing our general supervisory powers provided in Practice Book § 4183 (formerly § 3096), we are merely vacating that portion of the trial court's order *directly* affecting the time period within which we could exercise our power to act upon a motion to reinstate the defendant's appeal. Practice Book § 4183 provides that this "court may, on its own motion, modify or vacate *any order* made by the trial court, or a judge thereof, in relation to the prosecution of the appeal." (Emphasis added.) This court, therefore, while not questioning or disputing the power of the habeas court to order the discharge of the defendant in the event that his appeal was not reinstated; see *Gaines* v. *Manson,* supra, 529; must nevertheless be able to hear and decide a motion to reinstate such an appeal without strict and unrealistic time limitations imposed on it.

Several important public policy considerations guide us in reaching this conclusion. First, we note that there is a grave potential for abuse and tactical maneuver by a defendant when an order is issued by a trial court which imposes a particular number of days as a limitation on the reinstatement of an appeal. By conditioning the defendant's discharge on this court's compliance with the forty-five day period, the habeas court paved the way for the defendant to thwart this court's timely consideration of his motion to reinstate his appeal, thus guarantying his discharge from custody. In this case, the defendant did not file a motion for reinstatement

of his appeal until twenty-two days into the forty-five day time limit. He could, however, have conceivably waited until the forty-fourth day to file the motion, which would have made it utterly impossible for this court to act within the prescribed period of time. The effect of the habeas court's order, therefore, was to place in the defendant's hands the time at which the wheels of appellate machinery would be set into motion. This result we cannot countenance, especially since successful manipulation of the terms of the trial court's order could lead to the unwarranted release of a tried and convicted defendant. The ultimate control of the prosecution of appeals cannot pass from this court into the hands of counsel or a trial court. See *Chanosky* v. *City Building Supply Co.,* 152 Conn. 449, 451–52, 208 A.2d 337 (1965).

By imposing a forty-five day time limitation within which to reinstate the appeal, the trial court exceeded the scope of its authority to fashion an appropriate remedy. The imposition of such a time limit was not essential to the vindication of the defendant's constitutional rights; see *Gaines* v. *Manson,* supra, 529; and constituted an impermissible intrusion into our general supervisory powers.[5]

The defendant's request in his motion for clarification that this court affirm that there is no longer any criminal action pending against him, if granted, would bestow on the defendant more advantageous relief than he would have been entitled to in the event that this court reinstated his appeal within the trial court's arbitrary time constraints. The defendant, if successful on his appeal, would very likely have only been entitled to a new trial. If we were to grant his request, how-

---

[5] Even without our conclusion that the setting of time limitations by trial courts on our actions is an impermissible intrusion on our powers, we note that because of the sheer volume of our docket, it is absolutely essential that we remain in sole control and supervision of it.

ever, he would receive a bonus, namely, a declaration that no criminal action is pending against him and that his appeal is moot. It is anomalous indeed that this defendant has requested more from this court than he would have received if the trial court's arbitrary time constraints were complied with.

Furthermore, the defendant's request presents an additional anomaly. The defendant has been convicted of a serious offense. That conviction has *not* been set aside. The habeas court's order only discharged him from custody. In all likelihood, the state could not retry him because his conviction stands. Yet he remains at large, and would have this court in effect guaranty his freedom from the consequences of that conviction without an appeal, despite the fact that, at his own request, we have reinstated his appeal from that very conviction.

We conclude that the appropriate recourse in this case is to vacate the habeas court's order of discharge and strike the time limitation imposed on this court.

The defendant's motion for clarification is granted; and his request for this court to declare that his appeal is moot and that no criminal action is pending against him is denied. We also, sua sponte, vacate the habeas court's order of discharge, strike the time limitation contained in it, and order the trial court to take necessary and appropriate steps to reinstate the defendant's appeal bond.