[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Following his convictions on January 22, 1988, after trial by jury, the petitioner was sentenced on March 4, 1988 to five years for the crime of assault in the second degree and five years for the crime of carrying a pistol without a permit, the sentences to be served consecutively. He was also sentenced to five years for the crime of criminal possession of a pistol, to be served concurrently with the other sentences for a total effective sentence of ten years.
On December 15, 1989 the petitioner filed an amended petition for a writ of habeas corpus alleging that his incarceration is illegal in that he was denied his state and federal constitutional rights to equal protection of the laws, due process and effective assistance of counsel in that the appeal of his conviction had been unreasonably delayed.
This court has not addressed the claim of ineffective assistance [of appellate counsel] since the petitioner introduced no evidence at the hearing to enable the court to assess appellate counsel's performance by the test of Strickland v. Washington, 466 U.S. 668
(1984). Because the "ineffective assistance" claim and the claims of "equal protection and due process" concern the same underlying allegation of unreasonable delay, the petitioner will not be denied a review of the substance of his argument by the court's decision not to review his "ineffective assistance" claim.
The respondent, while admitting that the petitioner was incarcerated and that the petitioner's appeal was delayed for over one year, has denied that any delay was unreasonable and that the petitioner's constitutional rights were violated.
The Connecticut Supreme Court has long held that the right to appeal in criminal cases is purely a statutory remedy. C.G.S. Sec.54-95; Staton v. Warden, 175 Conn. 328, 334 (1978). The Court has also recognized, however, "the right to appeal, once granted, invokes so significant a protection of liberty that it must be made available to all persons convicted of crimes." Gaines v. Manson, 194 Conn. 510, 515
(1984). Since the state has established an appellate forum "these CT Page 1791 avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." D'Amico v. Manson,193 Conn. 144, 147 (1984).
An unreasonable delay in prosecuting a criminal appeal impinges on a criminal defendant's rights to due process and equal protection of the laws. Gaines v. Manson, 194 Conn. at 517. The petitioner has correctly relied on a writ of habeas corpus to raise his constitutional claims. Id. at 510. In determining whether a defendant was denied his constitutional rights by any delay in the prosecution of an appeal, a court is called upon to consider four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. 521, quoting Barker v. Wingo, 407 U.S. 514, 530 (1972).
In the instant case, the petitioner's appeal brief was filed May 23, 1990. The appeal has not been heard as of the date of this court's hearing, June 5, 1990. The court file reveals the petitioner's Motion for Waiver of Fees, Costs and Expenses and Appointment of Counsel on Appeal was filed March 11, 1988. The court finds the delay of some twenty-seven months (March, 1988 to June, 1990) is sufficient to trigger inquiry into the relevant Barker factors.
From the testimony it heard, the exhibits, and the complete court file it has reviewed, the court makes the following findings of fact.
Seymour Framson, an attorney from Bridgeport, represented the petitioner at his trial. Framson was employed for this purpose by the named trial counsel, Attorney Frank J. Riccio of Bridgeport, a special public defender. Framson was not employed for purposes of an appeal and was not authorized to bring an appeal. He did file an Application for Waiver of Fees, etc., and Appointment of Counsel on the petitioner's behalf on March 11, 1988. This motion was docketed on the motion calendar for April 6, 1988. A copy was sent public defender Joette Katz and William Holden on March 25, 1988. On April 6, 1988 the motion was given an "over" marking. One week later, on April 13, 1988, the motion was given an "off" marking. The motion was not reclaimed for about one year. On May 4, 1989 the motion was granted. The appeal was filed May 16, 1989.
On March 28, 1988, Attorney Joette Katz, Chief of Legal Services in the Office of Chief Public Defender in New Haven, wrote to special public defender Riccio. She indicated in the letter that she understood he was willing to continue to handle the case on appeal. On March 8, 1989 she wrote a follow-up letter to Riccio asking for a status report. He replied on March 10, 1989 that he was never appointed special public defender to do the appeal as he did not do any appeal work. Two more letters were sent to Attorney Riccio before the appeal was filed on May 16, 1989 by Attorney Suzanne Zitser, an assistant public defender assigned to the Office of Chief Public CT Page 1792 Defender. Thereafter, a transcript was ordered in June of 1989. The transcript was completed in March of 1990. The court monitor who supplied the transcript testified that if the transcript had been ordered in March of 1988, it would have been completed in July of 1988. Because of a backlog in requests in 1989, it took him until March 1990 to prepare the transcript.
As noted, the petitioner's appeal brief was filed May 23, 1990. The appeal process, except for oral argument at the time the appeal is heard, is now completed. The reason for delay in the initiation of the process, from March 11, 1988 to May 4, 1989, when the Application for Waiver of Fees, Costs and Expenses and Appointment of Counsel on Appeal from Judgment of Conviction was granted is not contested. Stated simply, Attorney Katz (the public defender) thought Attorney Riccio (the special public defender) was bringing the appeal and, conversely, he thought she was bringing the appeal. At the hearing of June 5, 1990, the current Chief of Legal Services, Office of Public Defender, Attorney Douglas Nash, testified that the average (emphasis supplied) length of time between conviction and oral argument of an appeal is eighteen months. He also testified that his office has about one hundred cases on appeal at all times. Neither his office, nor Attorney Framson, the trial counsel, ever received any letters or calls from the petitioner relative to the appeal.
The delay caused by the misunderstanding of counsel is one year according to the respondent and at least fourteen months according to the petitioner, who claims the misunderstanding caused an additional delay in the preparation of the transcript due to the differences in the workloads of the monitor in the year 1988 as opposed to 1989.
In evaluating whether a delay is unreasonable, the court repeats that it is to consider four factors: 1) the length of the delay, 2) the reason for the delay, 3) the petitioner's assertion of his right and, 4) any prejudice to the petitioner. Gaines v. Manson,194 Conn. at 521, citing Barker v. Wingo, 407 U.S. 514 (1972). See also Rheuark v. Shaw, 628 F.2d 297, 303 (5th Cir. 1980) cert. denied, sub nom. Rheuark v. Dallas County, 450 U.S. 931 (1981); State v. Herring,210 Conn. 78, 89 (1989). The prejudice factor consists of three components: 1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired. Rheuark v. Shaw, supra, 303 n. 8.
Before balancing the relevant factors of the Barker test the court notes that the Gaines court drew a distinction between cases in which the delay was the result of systemic failures (i.e., failure of the state to adequately staff the public defender's office) and those where the delay was the result of individual circumstances. Gaines v. CT Page 1793 Manson, 194 Conn. at 527. The court reasoned that claimants would have a greater capacity to affect a change in the latter type of case. Id. at 527.
In this case the additional delay is one year or perhaps more if the court monitor's testimony is given some weight, but less than the two years to four and one-half years in Gaines v. Manson,194 Conn. at 521. Although the transcript could have been prepared within a few months if ordered in 1988 rather than 1989, this fact does not guarantee the appellate brief would have been prepared sooner, especially if appeals are processed in chronological order based on the date of sentencing. The average length of time of the appeal process (between sentencing and argument of the appeal) is eighteen months. When the appellate brief was filed in this case more than twenty-six months had elapsed. The case is ready to be argued. The additional delay is not per se unreasonable.
Addressing the second factor, the reason for the delay, the court has already found the delay to have been caused by a misunderstanding between a public defender and a special public defender, each of whom thought the other was handling the appeal. Although the court recognizes that there are bound to be some institutionally engendered appellate delays in an office that has one hundred appeals pending at all times, in the present case the delay was not primarily caused by understaffing and thus the petitioner's constitutional rights are not further implicated by the reason for the delay. See Gaines v. Manson,194 Conn. at 527.
With regard to the third factor, petitioner's assertion of his right, trial counsel, Attorney Framson, never received a letter or telephone call from the petitioner inquiring about the status of his appeal. Just one communication to Framson from Tinsley in the year that went by would have activated the file and presumably the telephone line between Riccio and Katz. Unlike Gaines, there were no institutional factors that made any inquiry by the petitioner futile. The court finds that the petitioner's inaction, in this particular case, manifests some acquiescence in the delay that has occurred, thereby affecting his constitutional claims.
The last factor deemed relevant by the Supreme Court in determining whether a person was denied his right to a "speedy appeal" is the prejudice the person suffers as a result of the delay in the prosecution of the appeal. The fact that the petitioner is indigent as well as incarcerated is sufficient to show that he is prejudiced by the delay in the prosecution of his appeal, without a showing of "actual prejudice." Gaines v. Manson, 194 Conn. at 525-527.
The respondent might have argued at the hearing of June 5, 1990, that the filing of the brief on May 23, 1990 made this case moot. See Gaines v. Manson, 194 Conn. at 529. It did not advance such a claim CT Page 1794 and this court makes no specific finding of whether the claim is moot.
The court has considered the propriety of remedies other than outright release such as a conditional order of discharge to remedy the appellate delay in this case. See Fredericks v. Reincke, 152 Conn. 501,507 (1965). If the petitioner's appellate brief had not been filed when the court heard the case on June 5, 1990, such an order might have been appropriate. Gaines v. Manson, 194 Conn. at 529. But the filing of the brief has for practical purposes (except oral argument at the hearing) completed the appeal process.
In applying the Barker v. Wingo test, and balancing the relevant factors to take into account the remedial alternatives as well as the constitutional rights that have been implicated, the court finds the facts are not sufficient to indicate that the appellate delay in this case was unreasonable.
Accordingly, the petition is dismissed.
Potter, J.