## STATE OF CONNECTICUT v. CARLOS CRESPO

SUPERIOR COURT
JUDICIAL DISTRICT OF HARTFORD-
NEW BRITAIN AT HARTFORD

SENTENCE REVIEW DIVISION
FILE No. 109082

Memorandum filed October 27, 1992

*David J. Cosgrove,* for the petitioner.
*Peter W. Soulsby,* for the state.

PURTILL, NORKO and STANLEY, Js. This case presents the issue of whether jurisdiction over an application for review of sentence, previously dismissed for untimely filing can be conferred upon the sentence review division of the Superior Court (division) by an order of a habeas court that is based on a stipulation entered into by counsel for the petitioner and the state.

This is the second time the petitioner has sought a review of his sentence by the division. In a decision dated September 24, 1991, the petitioner's earlier petition was dismissed for lack of jurisdiction due to the tardy filing of his application. At that time the division was found to be without jurisdiction over the matter as the petitioner had filed his application for sentence review more than thirteen months after his sentence was imposed. The decision was based upon the provisions of General Statutes § 51-195 and Practice Book § 938, which empower the division to hear applications for review that have been filed within thirty days of the imposition of sentence.

The petitioner's renewed request is here by way of the habeas court, which entered an order essentially restoring the application before the division. The basis for the restoration order was a stipulation dated March 20, 1992, which reads as follows: "The parties hereby stipulate that the petitioner's right to apply for review of the sentence imposed February 8, 1990, in docket number CR25-109982, Judicial District of Hartford/New Britain, should be restored. Upon the resto-

ration of the right to have the sentence reviewed, the Petitioner hereby withdraws his application for a writ of habeas corpus, No. 91-1335, and agrees to a dismissal with prejudice."

The stipulation is signed by Christopher Morano, assistant state's attorney, and Temmy Ann Pieszak, assistant public defender. The habeas court, *Scheinblum, J.,* granted the judgment in accordance with the stipulation and the order was signed by an assistant clerk.

Curiously, the state now joins with counsel for the petitioner urging the division to undertake review again with both agreeing that a six year sentence would be more appropriate. The only difference is that the petitioner is asking for a straight six years and the state is asking for fifteen years suspended after six with three years of probation.

Counsel for the petitioner and the state argue that the division is imbued with equitable powers which permit a relaxation of the thirty day provision of the Practice Book and statute. In addition, the petitioner analogizes the present case to *Fredericks* v. *Reincke,* 152 Conn. 501, 208 A.2d 756 (1965), in which the Connecticut Supreme Court upheld the habeas court's restoration to the docket of a tardy appeal after finding the defendant's constitutional right to counsel to perfect his appeal had been violated. Further, the claim by the petitioner is that General Statutes § 52-470 confers power on the habeas court to "dispose of the case as law and justice require."

It must be first pointed out that this division is a statutorily created body. General Statutes § 51-194. A person who has been sentenced to a non-minimum mandatory term of three years or more may, within thirty days from the date the sentence was imposed, file an application for review. General Statutes § 51-195. " 'The

purpose and effect of the Sentence Review Act is to afford a convicted person a limited appeal for reconsideration of his sentence.' *State* v. *Nardini,* 187 Conn. 109, 121, 445 A.2d 304 (1982). While the sentence review division serves salutory objectives, it does not have unfettered discretion. Its review must be within the bounds prescribed by the law." *State* v. *Johnson,* 192 Conn. 471, 478, 472 A.2d 1267 (1984). As a statutorily created body, the division's jurisdiction is limited to the parameters set forth in the statute; the division does not have jurisdiction over applications filed after the thirty day time period. *State* v. *Morrissette,* 29 Conn. Sup. 131, 275 A.2d 284 (1971); *State* v. *Zappone,* 28 Conn. Sup. 196, 256 A.2d 521 (1968). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." *State* v. *Malkowski,* 189 Conn. 101, 105, 454 A.2d 275 (1983). Subject matter jurisdiction cannot be waived or conferred by the parties. *United States Trust Co.* v. *Bohart,* 197 Conn. 34, 39, 495 A.2d 1034 (1985).

The petitioner urges the division to apply the reasoning of *Fredericks* v. *Reincke,* supra, in which the Connecticut Supreme Court upheld the order of a habeas court restoring the defendant's right to appeal a criminal conviction because it found that the defendant had been deprived of his constitutional right to counsel. Id., 508. The Supreme Court stated that ordinarily the Superior Court does not have the authority to allow a late appeal, but in a case "where on habeas corpus it has been properly determined that a right of appeal required by the federal constitution has been denied, any rule restricting an appeal merely because of lapse of time necessarily is ineffective to preclude an appeal in accordance with federal constitutional requirements." Id.

The writ of habeas corpus holds an " 'honored position in our jurisprudence.' " *State* v. *Robinson,* 10 Conn. App. 520, 523, 523 A.2d 1365 (1987). Pursuant to § 52-470, the habeas court has the power to dispose of the case "as law and justice require." (Internal quotation marks omitted.) Id., 523–24, quoting *Fredericks* v. *Reincke,* supra, 506–507. The habeas court " 'has considerable discretion to fashion a remedy commensurate with the scope of the constitutional violation.' " *State* v. *Robinson,* supra, 524, quoting *Gaines* v. *Manson,* 194 Conn. 510, 528, 481 A.2d 1084 (1984).

In the present case, the habeas court did not make a determination that the petitioner's constitutional rights had been violated. Rather, the order to restore the petition to the division was based on the stipulation entered into by the state and the petitioner's counsel. A stipulated judgment is a contract between the parties and not an adjudication on the merits. *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* 191 Conn. 555, 468 A.2d 1230 (1983), citing *Owisiejko* v. *American Hardware Corporation,* 137 Conn. 185, 75 A.2d 404 (1950).

Although a variety of reasons were articulated by the assistant state's attorney for the delay between the sentencing and the filing of the petitioner's application, the fact is the span of time between the two was more than thirteen months and there was no claim that this delay was the result of the petitioner's failure to receive notice. The petitioner failed to pursue his right to review within the prescribed thirty days, the division is without jurisdiction over the matter and, therefore, the petition is dismissed for the second time.