[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION(RE: MOTION TO WITHDRAW AS COUNSEL)
In this case the appellant filed a Petition for Writ of Habeas Corpus on the grounds of ineffective assistance of his trial counsel. The habeas petition was dismissed upon a finding by the habeas judge that the petitioner-appellant failed to prove that trial counsel's performance was deficient. (Memorandum of Decision CT Page 10047 dated April 11, 1994, Sferrazza, J.).
Bonello then filed a Petition for Certification to appeal the dismissal of his habeas matter. The petition for "Pet Cert." was denied.
Bonello thereafter filed an application for waiver of fees, costs and appointment of counsel on appeal which was granted on May 13, 1994 (Kaplan, J.). Attorney Christopher C. Sheehan of the public defender's office was appointed as appellate counsel, and the appeal from the denial of Bonello's Petition for Certification was filed on May 13, 1994.
On September 14, 1994, Attorney Sheehan, pursuant to Practice Book §§ 952 and 4035 filed a Motion to Withdraw the Appearance of all Public Defenders and, in accordance with the holding of Andersv. California, 386 U.S. 738 (1967), Fredericks v. Reincke,152 Conn. 501 (1965) and State v. Pascucci, 161 Conn. 882, (1971), submitted the required brief.
The court in Anders, supra, articulated the standard by which "requests to withdraw are to be judged. If any legal point is arguable on its merits the appeal is not frivolous and counsel should not be permitted to withdraw. Anders, 386 U.S. at 744;State v. Pascucci, 161 Conn. 882, (1971). The presiding judge must make a full examination of the record and transcripts of the prior proceedings to determine if the appeal is wholly frivolous.
Where a timely request for certification to appeal the denial of a writ of habeas corpus has been made the petitioner must establish that the habeas judge abused her or his discretion. Only if the petitioner succeeds in surmounting that hurdle, can he be allowed to argue the merits of his original petition. Simms v.Warden, 230 Conn. 608, 612, (1994). Simms instructs us that the petitioner must make a substantial showing that he has been denied a constitutional right, and a petitioner satisfies that burden by demonstrating that the issue are debatable by jurists of reason; or that a court could resolve the issues in a different manner, or that the questions deserve further appellate review.
At the habeas trial the petitioner attempted to establish that trial counsel inadequately cross-examined certain prosecution witnesses at trial, specifically a police officer and the victim's mother. The habeas court found that trial counsel deftly and thoroughly handled the questioning of the witnesses. Trial counsel CT Page 10048 was concerned about the petitioner's past history of molesting children becoming known to the jury and successfully avoided that area. The transcript clearly corroborates the habeas court's factual finding that trial counsel's trial strategy was commendable, not deficient.
The petitioner also attempted to establish that his trial attorney was remiss in not offering negative results of the minor victim's physical examination administered 33 days after the incident to detect signs of abuse. Trial counsel explained his strategy not to do so since the nature of the sexual assaults alleged, viz. fellatio and anal penetration with a rectal thermometer, were not likely to leave physical signs one month later and the introduction of such evidence could backfire with negative results for the petitioner. The habeas court finding that this tactical decision of trial counsel was within the wide range of competent representation is certainly not an abuse of its discretion.
Upon review of the briefs, record and transcripts of the proceedings the undersigned concludes that the findings made by the habeas court are not debatable by reasonable jurists, that the issues could not be resolved in a different manner, and there are no questions deserving of further appellate review.
The appeal is found to be frivolous and, therefore the appellant is not entitled to be represented by appointed counsel.
The Motion to Withdraw the appearance of all public defenders is granted.
Klaczak, J.