[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the Petitioner, Bernard D. Gipson, filed an amended Habeas Corpus Petition on March 22, 1995. The Petitioner is represented by Attorney Bernard F. Gaffney. The petition alleges that on February 3, 1994 the Petitioner was found guilty after trial by jury of the crime of Robbery in the First Degree in violation of General Statute § 53a-134 (a)(3).[1] The Petitioner alleges that his trial counsel was ineffective because he provided said counsel with the names of two alibi witnesses and these witnesses were not contacted by him. During oral argument the Petitioner stated the names of these witnesses were Carla Evans and Edwin Mercado. Attorney Gaffney subsequently spoke to both of these witnesses and it was his opinion that they would be of no help to the Petitioner in this matter.
Carla Evans was the girlfriend of the Petitioner at the time CT Page 4074-WW of said offense. She told Attorney Gaffney that she was not sure but that she thought the Petitioner told her he was going to look for a job later on the day of said crime and that he would be over to see her later. At that time Ms. Evans had a restraining order against the Petitioner. However she still allowed him to visit her during that time period despite said restraining order.
The Petitioner told his attorneys that just prior to the commission of the crime he was with an Edwin Mercado and that Mr. Mercado had dropped the Petitioner off prior to the time of the robbery. The Petitioner claimed that Mr. Mercado could describe the clothes he was wearing on that day and that they were different from that of the actual robber. (See Report of Investigator, Exhibit D on the Petitioner's Attorney Memorandum of Law in Support of Motion to Withdraw as Counsel dated March 8, 1996.) Attorney Gaffney stated to the court that he spoke with Edwin Mercado and he that had no recollection of being with the Petitioner on the date the robbery was committed.
The Petitioner's present attorney has filed a Motion to Withdraw as Petitioner's counsel as said counsel can find no non-frivolous issues to argue on the Petitioner's behalf to this court that could result in the Petitioner's Habeas Corpus Petition being granted.
The procedure to be followed in cases where Petitioner's counsel is of the opinion that a petition for habeas corpus has no merit or is frivolous is set forth in Anders v. California,386 U.S. 738 (1967), and in Fredericks v. Reincke, 152 Conn. 501
(1965), and State v. Pascucci, 161 Conn. 382 (1971). Those cases hold that if after a conscientious review of the petitioner's case, the petitioner's attorney decides the case is merely frivolous, the attorney should so advise the court and request permission to withdraw from the case. Such a request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal State v. Pascucci,
supra 385. A copy of counsel's brief should be furnished to the indigent (Petitioner) and time allowed for him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. Id. The constitutional requirements of substantial equality and fair process mandates this procedure be followed. Anders v. California, supra 744. Therefore the court has the responsibility to determine if a Petitioner's petition for a writ of Habeas Corpus is wholly CT Page 4074-XX frivolous.
The standard as to whether a petition is frivolous depends on whether the court finds any of the legal points arguable on these merits and therefore not frivolous. Anders v. California, supra 744. Connecticut has adopted the Anders standard in State v.Pascucci, supra 385, 386. (See also Connecticut Practice Book §§ 529T and 529U.)
Although Anders v. California, supra, was a habeas corpus action, the opinion in that case focuses only upon "the extent of the duty of court appointed appellate counsel to prosecute a first appeal from a criminal conviction after that attorney has conscientiously determined that there is no merit to the indigent's appeal" Franko v. Bronson, 19 Conn. App. 686, 691
(1989). The court in the Franko case stated that because the legislature has created a right to counsel in habeas corpus cases under § 51-296, and in appeals therefrom, we concluded that the right to appeal in habeas corpus actions should be extended the same protections as those set out in the Anders decision. Id. 692.
Under Connecticut Practice Book § 529U the court has three courses of action it may take on the Petitioner's counsel's motion to withdraw as attorney. It may grant the motion and dismiss the matter; or it may grant the motion and allow the Petitioner to proceed pro se, or it may deny the motion.
The court finds that the Petitioner's attorney has made a conscientious examination of the matters and issues involved in the Petitioner's case and the law-relative thereto. Attorney Gaffney has set forth the claims of the Petitioner in his brief. He has set forth the factual and legal basis for his conclusion that the case is wholly frivolous, all in accordance with § 529T of the Connecticut Practice Book.
Attorney Gaffney has personally spoken with the two witnesses the Petitioner claims would have aided his defense if they were called as witnesses in his trial. After reviewing this matter this court agrees with the conclusion of Attorney Gaffney that neither Carla Evans or Edwin Mercada would have helped the Petitioner with their testimony at his trial if they had been called as witnesses.
The court, after hearing the evidence in this matter and CT Page 4074-YY after further reviewing the Petitioner's habeas corpus file, finds that this matter is wholly without merit. The court therefore grants the motion of Attorney Bernard Gaffney to withdraw as the Petitioner's attorney. The court further dismisses the Petitioner's Habeas Corpus Petition for the reasons stated herein.
William J. Sullivan, Judge