[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO WITHDRAW AS COUNSEL
Court appointed counsel in the above cited habeas petition has filed a motion to withdraw on the ground that the petitioner's habeas claims are wholly frivolous. The procedures to be followed in cases where appointed counsel concludes that a habeas appeal would be wholly frivolous were established by The United States Supreme Court in Anders v. California,386 U.S. 738 (1967), and the Connecticut Supreme Court in Fredericks v.Reincke, 152 Conn. 501 (1965) and State v. Pascucci, 161 Conn. 382
(1971). CT Page 6627
On September 15, 1998, the petitioner was sentenced to a one year term of imprisonment to be served concurrently with a previously imposed sentence. On March 29, 1999, while serving said sentence in the custody of the Commissioner of Correction, the petitioner filed a petition for writ of habeas corpus claiming that he had not been given credit for 75 days of pretrial confinement. Counsel for the petitioner asserts, and the records of the Department of Correction show, that the petitioner has served all of his sentences and was discharged from the custody of the Commissioner of Correction on September 14, 1999.
On May 26, 2000, this habeas petition was dismissed (Klaczak, J.) as moot inasmuch as the petitioner has completed his sentence and had been discharged from custody. On May 30, 2000, the Office of the Public Defender filed a motion to reopen the judgment of dismissal alleging that the petitioner "may wish to pursue this petition on other grounds." The motion to reopen was granted on 8-16-00. (Sullivan, L.P., 3.) On 9-13-00 current counsel was appointed to represent the petitioner as special public defender.
The only issue raised in the habeas petition concerns the claim for pretrial good time credit. No amended petition has ever been filed and, in his motion to withdraw, counsel for the petitioner asserts that Mr. Cook wishes to pursue his habeas petition for good time credit but does not wish to pursue his petition on any other ground.
The court finds that the relief sought by the petitioner is not available. Even if it were to be determined that the petitioner had been entitled to the good time credit which he seeks, there is no existing sentence to which it can be applied. It is not the function of the court to hear claims for which no relief can be granted.
After a through. review of the pleadings and the file, the court finds that there is no legal issue which is arguable on its merits in this case. Since the relief sought in the habeas petition cannot be given by the court, the court finds that the habeas petition is wholly frivolous.
(1). The motion of appointed counsel to withdraw is granted.
(2). Pursuant to Section 23-29 of the Connecticut Rules of Practice, the court, sua sponte, dismisses the petition as moot.
 ___________________ TERENCE A. SULLIVAN SUPERIOR COURT JUDGE
CT Page 6628