[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO WITHDRAW AS COURT APPOINTED COUNSEL
On March 18, 1997, Kenneth J. West was convicted of the crime of Robbery in the Second Degree and sentenced to the custody of the Commissioner of Corrections for ten years, execution suspended after the service of five years, followed by a period of probation for three years. On January 19, 1999, while incarcerated under the above cited sentence, West filed a petition for a writ of habeas corpus, alleging the ineffective assistance of counsel. Setting forth a complex scenario, West claims that his original public defender improperly provided confidential personal information about him to an attorney from the New Haven Legal Assistance Association who was appointed to represent West as a special public defender. He further claims that his special public defender could have shared that confidential information with another special public defender from the same New Haven Legal Assistance Association who was appointed to represent his co-defendant, and that this could have prejudiced his case. The Petitioner is asking to be permitted to withdraw CT Page 8234 his guilty plea and be given a sentence comparable to that imposed upon his co-defendant.
Court appointed counsel in the above cited habeas petition has filed a motion to withdraw on the grounds that the petitioner's habeas claims are wholly frivolous and without legal merit. The procedures to be followed in cases where appointed counsel concludes that a habeas appeal would be wholly frivolous were established by The United States Supreme Court inAnders v. California, 386 U.S. 738 (1967), and the Connecticut Supreme Court in Fredericks v. Reincke, 152 Conn. 501 (1965) and State v.Pascucci, 161 Conn. 382 (1971). After carefully reviewing all of the material and documentation involving petitioner's claims, the court finds the following facts.
West and a co-defendant, Esau Greene, were arrested in New Haven, Connecticut on March 26, 1996, and charged with crimes involving the alleged kidnaping and robbery of one David Home. At the time of the arrest, the co-defendant was incorrectly identified by the police as Andy Greene. West was arraigned in the New Haven Superior Court at which time the public defender's office was appointed to represent him. After filing filed his appearance on April 12, 1996, Assistant Public Defender Brian Carlow met with West on April 16, 1996, at which time Carlow generated three pages of handwritten notes regarding West's history. He also created a one page typed memo to file concerning his conversation with West.
On or about April 17, 1996, Carlow learned that the person identified by the police as Andy Greene was in fact Esau Greene and that the New Haven public defender's office had represented Greene. Consequently, on April 17, 1996, Carlow filed a motion to withdraw with the court on the grounds of a conflict of interest, and further moved for the appointment of Attorney Donald Dakers of the New Haven Legal Assistance Association as special public defender to represent West. The motions were granted and on April 19, 1996, Dakers filed his appearance to represent West. Carlow also wrote to West on April 17, 1996, explaining what had happened, provided West with the name and telephone number of Dakers, and indicated that he was sending a copy of West's file to attorney Dakers.
Attorney Dakers had only represented West for approximately six days when he discovering that another New Haven Legal Assistance Association attorney had been appointed to represent the co-defendant in the case. Consequently, on April 24, 1996, Attorney Dakers was allowed to withdraw and Attorney Thomas Farver was appointed as West's special public defender. Dakers returned the West file to Carlow who in turn sent it to Farver. On March 18, 1997, West entered a plea of guilty to a substitute charge of conspiracy to commit robbery in the second degree and was CT Page 8235 sentenced to ten years incarceration, execution suspended after five years, with three years probation.
Carlow indicated that it was not his practice to include notes or memos concerning conversations with clients in files sent to special public defenders, and both Dakers and Farver claim that the files in question did not contain any notes or confidential information about West.
After carefully reviewing the handwritten notes, and the typed memo prepared by Attorney Carlow, the court concludes that while some of the information contained therein could be considered confidential, there is no information contained within said documents that could have benefitted the co-defendant to the detriment of West. The notes generated by Carlow during the April 16, 1996-interview consisted of standard information about West's educational, employment, medical, criminal, and family history. The typed memo discloses a medical condition of the defendant, a brief statement by West minimizing his involvement in the crimes charged, an expression of concern by West about the treatment of his co-defendant's case, and Carlow's concerns about Mr. West's anxiety and depression. The co-defendant's name is not mentioned in the documents.
There is no evidence that the documents generated by Attorney Carlow were shared with West's other court appointed attorneys. However, even if the documents were part of the file shared with the other attorneys, there is no evidence that said attorneys shared such confidential information with anyone else. Finally, even assuming that the documents in question had actually been given to the attorney representing the co-defendant, there is nothing contained within those documents that would have benefitted the co-defendant to the detriment of the petitioner.
After a through review of the pleadings and the file, including the documentation provided by counsel in support of his motion to withdraw, the court finds that the habeas petition is wholly frivolous and that there is no legal issue which is arguable on its merits in this case.
The motion filed by court appointed counsel to withdraw is granted.
Terence A. Sullivan Superior Court Judge