MICHAEL IOVIENO *v.* COMMISSIONER OF CORRECTION (14278)

PETERS, C. J., SHEA, GLASS, COVELLO and SANTANIELLO, Js.

Argued February 13—decision released June 2, 1992

*Carolyn Koch,* with whom were *Pamela Mitchell* and, on the brief, *James Moreno,* for the plaintiff in error.

*Mitchell S. Brody,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Christopher Alexy,* assistant state's attorney, for the defendant in error.

SANTANIELLO, J. The dispositive issue in this appeal is whether, pursuant to General Statutes § 52-470 (b),[1] a habeas court has discretion to consider an untimely filed petition for certification to appeal. We conclude that under the factual circumstances of this case, the statute does not authorize any such discretion.

The underlying facts are established by the habeas court's memorandum of decision. After a jury trial, the plaintiff in error, Michael Iovieno (plaintiff), was found guilty of three counts of the crime of burglary in the second degree, one count of the crime of unlawful restraint in the first degree, and one count of the crime of sexual assault in the first degree. He was sentenced to a total effective sentence of twenty-five years. The plaintiff appealed this decision to the Appellate Court, which found error in part and remanded the case to the trial court with direction to render a judgment of acquittal on one of the burglary counts. *State* v. *Iovieno,* 14 Conn. App. 710, 543 A.2d 766, cert. denied, 209 Conn. 805, 548 A.2d 440 (1988). This judgment was rendered on October 13, 1988.

The plaintiff then filed an amended petition for a writ of habeas corpus, alleging that his incarceration was illegal because evidence had been illegally seized and because he had been denied effective assistance of counsel. The habeas court found that the plaintiff had not deliberately bypassed the avenue of direct appeal concerning his claims of illegal search and seizure. It declined, however, to consider the search and seizure claims, relying on the rule stated in *Stone* v. *Powell,*

---

[1] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the supreme court or appellate court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).[2] As to the ineffective assistance of counsel claim, the habeas court concluded that the performance of Iovieno's trial counsel was substandard. It dismissed the habeas petition, however, concluding that there was no reasonable probability that, but for counsel's performance, the result of the criminal trial proceedings would have been different.

The habeas court's memorandum of decision dismissing the petition was dated February 15, 1991, and was filed on February 22, 1991. Counsel for the plaintiff stated that he had received notice of the decision on February 26, 1991. On March 8, 1991, the plaintiff filed a petition with the habeas court for certification to appeal this decision. The respondent (defendant) filed an objection to the petition. Following a hearing on the issue of timeliness, the court denied permission to appeal concluding that the appeal petition had not been timely filed within ten days of the underlying decision as required by General Statutes § 52-470 (b). No request for extension of the time within which to file the petition had been made. The plaintiff has brought the present writ of error challenging the denial of certification to appeal.

Section 52-470 (a) provides, in pertinent part, that "[t]he court or judge hearing any habeas corpus shall proceed . . . to determine the facts and issues of the case . . . and shall thereupon dispose of the case *as law and justice require.*" (Emphasis added.) Section 52-470 (b) provides, in pertinent part, that "[*n*]*o appeal*

---

[2] In *Stone* v. *Powell,* 428 U.S. 465, 494, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976), the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." The habeas court found that this rule applied to search and seizure claims raised pursuant to the Connecticut constitution.

from the judgment rendered in a habeas corpus proceeding . . . *may be taken unless the appellant, within ten days after the case is decided,* petitions the judge before whom the case was tried . . . to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies." (Emphasis added.) According to the plaintiff, the habeas court incorrectly concluded that this statute allows no discretion to the habeas court to consider an untimely petition for certification to appeal. In support of his position, the plaintiff cites numerous decisions in which a petitioner filed an untimely petition for certification to appeal that was granted by the habeas court. The plaintiff also relies upon general equitable principles that state that "the writ of habeas corpus 'holds an honored position in our jurisprudence . . . [as] a bulwark against convictions that violate "fundamental fairness." ' *Engle* v. *Issac,* 456 U.S. 107, 126, 102 S. Ct. 1558, 71 L. Ed. 2d 783, reh. denied, 456 U.S. 1001, 102 S. Ct. 2286, 73 L. Ed. 2d 1296, and reh. denied, 457 U.S. 1141, 102 S. Ct. 2976, 73 L. Ed. 2d 1361 (1982) . . . ." *Gaines* v. *Manson,* 194 Conn. 510, 516, 481 A.2d 1084 (1984); see also *State* v. *Robinson,* 10 Conn. App. 520, 523, 523 A.2d 1365, cert. denied, 204 Conn. 807, 528 A.2d 1154 (1987), cert. denied, 488 U.S. 899, 109 S. Ct. 244, 102 L. Ed. 2d 233 (1988). The plaintiff refers to our statement in *Gaines* v. *Manson,* supra, 528, that "[i]n the exercise of its power under § 52-470 to grant such relief 'as law and justice require,' the trial court, much like a court of equity, has considerable discretion to frame a remedy, so long as that remedy is commensurate with the scope of the constitutional violations which have been established." Applying these principles to the present case, the plaintiff argues that the broad mandate of power contained in § 52-470 (a), to "dispose of the case as law and justice require," implicitly extends to

§ 52-470 (b), and allows the court discretion to consider a petition for certification not filed within the ten day time frame provided for in § 52-470 (b). We disagree.

"[I]f the 'statutory language . . . is clear and unambiguous . . . courts cannot, by construction, read into such statutes provisions which are not clearly stated.' *Frazier* v. *Manson,* 176 Conn. 638, 642, 410 A.2d 475 (1979)." *Chairman* v. *Freedom of Information Commission,* 217 Conn. 193, 200, 585 A.2d 96 (1991). Furthermore, "[w]hen construing a statute, we do not interpret some clauses in a manner that nullifies others, but rather ' "read the statute as a whole and so as to reconcile all parts as far as possible." ' *Martone* v. *Lensink,* 207 Conn. 296, 302, 541 A.2d 488 (1988); *Grodis* v. *Burns,* 190 Conn. 39, 44, 459 A.2d 994 (1983)." *Statewide Grievance Committee* v. *Rozbicki,* 211 Conn. 232, 241, 558 A.2d 986 (1989). With these principles in mind, we again note that under § 52-470 (a), the habeas court is provided with considerable discretion to "dispose of the case as law and justice require." The fact that the legislature specifically declined to include this discretionary language in § 52-470 (b) is strong evidence that the habeas court has no discretion in dealing with appeals under § 52-470 (b). See *Chairman* v. *Freedom of Information Commission,* supra (applying the maxim, "expressio unius est exclusio alterius"). " 'A statute which provides that a thing shall be done in a certain way carries with it an implied prohibition against doing that thing in any other way.' *State ex rel. Barlow* v. *Kaminsky,* 144 Conn. 612, 620, 136 A.2d 792 (1957) . . . ." *Chairman* v. *Freedom of Information Commission,* supra, 200. We conclude, from the plain language of § 52-470, that the habeas court was correct in concluding that it had no discretion to consider an untimely petition for certification to appeal.

Furthermore, even if it is assumed that § 52-470 is ambiguous, and therefore needs to be construed, this

result remains unchanged. "The factors that this court looks to in construing a statute include 'its legislative history, its language, the purpose it is to serve, and the circumstances surrounding its enactment.' " *Verrastro* v. *Sivertsen,* 188 Conn. 213, 221, 448 A.2d 1344 (1982). In 1957, the legislature amended § 52-470; see Public Acts 1957, No. 482; to include a provision regarding certification to appeal a habeas decision. The legislative history of Public Acts 1957, No. 482 indicates that the portion of Senate Bill 1100 that added this provision was intended, as noted by Senator John H. Filer, "to reduce successive frivolous appeals in criminal matters and hasten ultimate justice without repetitive trips to the Supreme Court of Errors." 7 S. Proc., Pt. 5, 1957 Sess., p. 2936. " 'Although statements made on the floor of the legislature are not controlling on statutory interpretation, we may take judicial notice of those statements, which are strong indications of legislative intent. *American Universal Ins. Co.* v. *DelGreco,* 205 Conn. 178, 195 n.8, 530 A.2d 171 (1987); *Manchester Sand & Gravel Co.* v. *South Windsor,* 203 Conn. 267, 276, 524 A.2d 621 (1987); *Verrastro* v. *Sivertsen,* supra, 223 n.9.' *Winchester Woods Associates* v. *Planning & Zoning Commission,* 219 Conn. 303, 310–11, 592 A.2d 953 (1991)." *West Haven* v. *Hartford Ins. Co.,* 221 Conn. 149, 159, 602 A.2d 988 (1992).

During discussion on the Senate floor concerning the amendment, Senator Elmer S. Watson read into the record a letter from former Chief Justice William M. Maltbie expressing concern over the delay in the executions for first degree murder. The letter stated, inter alia: "There are . . . two means which have been used to delay the execution of the death sentence and which . . . may properly be subjected to more regulation than now exists. One of these is the petition for a new trial for . . . newly discovered evidence, with an

appeal to the Supreme Court, if it is denied. It has seemed to me that such petitions have been used in certain instances, not because they had any merit, but in a calculated effort to delay the imposition of the penalty. . . . The other means by which, I feel, unjustifiable delay has been caused is through the use of the writ of habeas corpus. Of course both the constitution of Connecticut and the constitution of the United States . . . contain guarantees . . . the effect of which is that any person may at any time bring the writ claiming an illegal confinement. An appeal from the decision of the court or judge on such a writ is not, however, within the constitutional guarantees. Very much the same considerations apply to the limitation of appeals in habeas corpus proceedings in criminal cases as I have suggested with reference to petitions for new trials." 7 S. Proc., Pt. 5, 1957 Sess., pp. 2938–39.

To remedy the problem, Chief Justice Maltbie suggested an amendment to the effect that no such appeal "shall be taken unless the judge before whom the case was tried or a justice of the supreme court of errors shall, within one week after the case was decided, certify that a question was involved in the decision which ought to be reviewed by the supreme court of errors." Id., pp. 2939–40. The amendment was adopted, modified only to the extent of allowing ten days rather than one week for certification.

Section 52-470 was thereafter amended again. Public Acts 1967, No. 182 amended the section to require the appellant to petition for certification within ten days after the case is decided rather than requiring the judge to certify within that period. The statute was again amended in 1982; see Public Acts 1982, No. 82-160, § 171; changing the word "shall" to "may" in § 52-470 (b), so that the statute now provides that "[n]o appeal . . . *may* be taken unless the appellant, within ten days . . . petitions the judge . . . ." (Emphasis

added.) The plaintiff contends that the 1982 change evinces the intent of the legislature to make this section discretionary rather than mandatory. A review of the legislative history of this amendment, however, reveals no such intent. On the contrary, the history is silent as to why the word "shall" was changed to "may."

" ' "In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result." ' *King* v. *Board of Education,* 203 Conn. 324, 332–33, 524 A.2d 1131 (1987); *Gentry* v. *Norwalk,* 196 Conn. 596, 606, 494 A.2d 1206 (1985)." *Ford Motor Credit Co.* v. *B. W. Beardsley, Inc.,* 208 Conn. 13, 20, 542 A.2d 1159 (1988). We conclude that the 1982 amendment was not intended to change § 52-470 (b) from mandatory to discretionary. Rather, it involved a technical rewording and clarification of the statute.[3] The word "shall," present in the statute prior to the amendment, did not logically belong, because it did not follow that a person would *necessarily* appeal the habeas decision. The amendment makes it clear that a person who does, in fact, appeal, must petition the judge for certification within ten days.

Neither the plain language of § 52-470, nor its legislative history, supports the plaintiff's claim that the court has discretion to consider an untimely petition for certification to appeal. We therefore conclude that the court was correct in denying the petition for certification to appeal. Furthermore, as previously noted, the plaintiff never filed a motion for extension of time within which to petition for certification to appeal.[4]

[3] Further support for this conclusion may be found in the title of the amendment, "An Act Adopting a Technical Revision of Title 52." Public Acts 1982, No. 82-160.

[4] In *Giordano Construction Co.* v. *Ross,* 182 Conn. 577, 579, 438 A.2d 772 (1980), we stated that "an implied power exists in the trial court to grant an extension of time within which to take an appeal even though no

Given the circumstances of this case, we hold that the habeas court was correct in concluding that it lacked the discretion to consider the untimely petition for certification to appeal.[5]

The judgment is affirmed.

In this opinion the other justices concurred.

express power is contained in the appeal statute . . . so long as the motion for an extension of time is filed within the time specified in the statute or rule for the taking of the appeal."

[5] In view of this holding, it is unnecessary to consider the plaintiff's additional claim that, pursuant to Practice Book §§ 6 and 4187, under which the rules of court are to be interpreted liberally, the habeas court had discretion to consider an untimely filed petition for certification to appeal. For the same reason, we need not consider the plaintiff's claim that we use our supervisory authority under Practice Book § 4183 to reinstate the plaintiff's right to appeal. " '[T]he conditions required by statute as precedent to taking and perfecting an appeal cannot . . . be modified or extended by any judge or court without express statutory authority.' " *Etchells* v. *Wainwright,* 76 Conn. 534, 538, 57 A. 121 (1904). We note, however, that our decision is in accord with Practice Book § 2028, which provides that a petition for certification to appeal to the Appellate Court "shall be made within ten days after the case is decided . . . ."