[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after a jury trial, of three counts of burglary second degree, one count of unlawful restraint first degree, and one count of sexual assault first degree, for which the petitioner received a total, effective sentence of twenty-five years incarceration. The petitioner claims that his confinement is unlawful because the attorney who represented him at his original habeas corpus hearing rendered ineffective assistance in petitioning for certification to appeal from the adverse decision of that habeas court.
The parties have stipulated to the facts in this case. On December 13, 1985, the petitioner was sentenced as indicated above. He appealed his conviction to the Appellate Court, and that Court affirmed the judgment except as to one count of burglary second degree, State v. Iovieno, 14 Conn. App. 710 (1988).
The petitioner also brought a petition for a writ of habeas corpus seeking relief from the confinement which flowed from the conviction. The amended petition in that habeas case alleged that the petitioner was unlawfully imprisoned because illegally seized items were introduced by the prosecution at his criminal trial and that his trial attorney was ineffective for failing to argue to suppress these items at the criminal trial (Joint Exhibit D, pp. 2 and 3).
On February 5, and 6, 1991, the habeas court, Scheinblum, J., CT Page 9328 presided over the evidentiary hearing as to these claims (Joint Exhibits A and B). At that habeas hearing, the petitioner was represented by attorney James Moreno. On February 22, 1991, Judge Scheinblum filed his written decision dismissing the petition (Joint Exhibit D). On March 8, 1991, more than ten days thereafter, Moreno filed a petition for certification to appeal that decision.
On April 10, 1991, Judge Scheinblum heard oral argument on the issue of whether he had the discretion to grant a petition for certification to appeal which was filed after the ten day time limit specified in General Statutes § 52-470(b), governing such procedure. Judge Scheinblum concluded that the late filing deprived him of the discretion to grant the petition for certification. (Joint Exhibit C). The petitioner then brought a writ of error to our Supreme Court, and the Supreme Court affirmed the denial of the petition for certification, Iovieno v.Commissioner, 222 Conn. 254 (1992).
In the present habeas action, the petitioner claims that Moreno rendered ineffective assistance by failing to file the petition for certification to appeal in a timely fashion.
 I
As a preliminary matter, the court must determine whether the petitioner's claim is a viable one, i.e. whether a prisoner is entitled to request habeas corpus relief on the basis that his attorney acted unprofessionally in the attempt to appeal from previous unfavorable habeas court decision. It is well-settled law that, unless there is a right to counsel at a particular proceeding, there is no right to the effective assistance of counsel at that proceeding, Evitts v. Lucey, 469 U.S. 387, 396, fn7 (1985); Claudio v. Scully, 982 F.2d 798, 802 (2d Cir. 1992).
The right to counsel at a criminal trial, which may result in incarceration, is a fundamental, constitutional right, Gideon v.Wainwright, 372 U.S. 335, 343 (1963); Argersinger v. Hamlin,407 U.S. 25, 37 (1972). Therefore, a prisoner may bring a habeas corpus action attacking his conviction and incarceration on the basis of ineffective assistance at that trial. Likewise the right to counsel on the initial, direct appeal from such a conviction, if such an appeal is allowed universally, is a constitutional oneFredericks v. Reincke, 152 Conn. 501, 505 (1965). Therefore, such an appellant may bring a habeas action asserting that his appellate CT Page 9329 counsel was ineffective.
There is no comparable constitutional right to counsel, however, in proceedings, such as habeas corpus, which collaterally attack a criminal conviction, Pennsylvania v. Finley, 481 U.S. 551,555 (1987); Franko v. Bronson, 19 Conn. App. 686, 691 (1989). InLozada v. Warden, 223 Conn. 834 (1992), our Supreme Court held that General Statutes § 51-296 creates a statutory right to counsel in habeas corpus cases which attack the inmate's underlying criminal conviction. Consequently, an inmate may legitimately bring a subsequent habeas petition alleging that his previous habeas counsel rendered ineffective assistance in certain cases, Id., 843.
The instant case presents the threshold issue of whether the right to counsel, and, derivatively, the right to the effective assistance of counsel, extends to appeals from adverse habeas corpus decisions. Clearly, because there is no constitutional
right to counsel at the habeas hearing, as noted above, there is no constitutional right to counsel in an appeal from a habeas court decision.
Parenthetically, in a case quite similar to the present one, the United States Supreme Court has held that a state prisoner cannot pursue habeas corpus relief on the basis of ineffective assistance where the prisoner's attorney belatedly filed a petition for certification to appeal from an adverse ruling by a lower appellate court. In Wainwright v. Torna 455 U.S. 586 (1982) a per curiam decision, the United States Supreme Court held that a criminal defendant does not have a constitutional right to counsel to pursue discretionary appeals or applications for review, Id., 477. As a result, the prisoner in that case could not assert in a habeas corpus proceeding that his attorney was ineffective by failing to file a petition for certification in a timely manner, Id., 478.
The court must now determine whether the statutory right to counsel in habeas hearings recognized in Lozada v. Warden, supra, applies to proceedings subsequent to the habeas hearing. In this regard, the petitioner draws the court's attention to the case ofFranko v. Bronson, supra. There, the Appellate Court held that the statutory right to counsel in certain habeas cases, contained in General Statutes § 51-296, covers appeals from those same habeas cases. The Appellate Court stated "the legislature has created a right to counsel in habeas corpus cases under § 51-296, and in appeals therefrom . . ." Id., 692. CT Page 9330
Because a statutory right to counsel exists in appeals from habeas corpus proceedings which attack the underlying criminal conviction, the court holds that a habeas petitioner may rightfully assert a claim of ineffective assistance of counsel handling such an appeal by way of a subsequent habeas corpus action.
It is important to note that this statutory right to counsel under General Statutes § 51-296 is limited to "certain" habeas corpus cases, viz. only those habeas actions "arising from a criminal matter" and is inapplicable to other types of habeas corpus cases, such as those questioning the calculation of various credits, etc., Franko v. Bronson, supra.
 II
Addressing the merits of the petitioner's claim, the petitioner contends that Moreno provided ineffective assistance by missing the ten day deadline for the filing of petitions for certification to appeal contained in General Statutes § 52-470(b).
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
The respondent replies that the petitioner has failed to meet his burden of showing that the failure to meet the deadline was substandard.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
Specifically, the respondent contends that because Moreno CT Page 9331 contacted the clerk's office to discuss whether the ten day period commenced upon the filing of the decision or the receipt of a copy of the decision by counsel and because he came away from that discussion believing the ten day period started upon his receipt of the copy, the petitioner has failed to prove that Moreno's action fell below prevailing, professional norms. The court rejects this contention.
The statutory language establishing the ten day time limit for the filing of a petition for certification to appeal from an unfavorable habeas corpus decision contained in General Statutes § 52-470(b) is clear and unambiguous, Iovieno v. Commissioner, supra, 254. No attorney, acting reasonably competently, can substitute an informal discussion with clerical personnel at a court, some of whom are untrained in habeas corpus law, for a careful reading of a clear and unambiguous statute. Such a reading of General Statutes § 52-470(b) dictates that the petition for certification, or a request for an extension of the time limit, must be filed within ten days of the rendering of the adverse decision. Failure to do so, in the absence of extraordinary circumstances, falls below an objective standard of reasonable representation.
The court finds that the petitioner has met his burden of proving the first component of the Strickland standard by a preponderance of the evidence.
 III
The second, or prejudice, component of the Strickland test poses a more difficult problem to resolve. In Bunkley v.Commissioner, 222 Conn. 444 (1992), our Supreme Court held that, where a prisoner claims his appellate counsel's representation was deficient, the prisoner must demonstrate not only a reasonable probability that, but for appellate counsel's errors, the outcome of the appeal would have been different, but also that a reasonable probability that appellate counsel's errors affected the outcome of the criminal trial, Id., 459. In other words, appellate counsel's deficiencies must be of such a nature and magnitude so as to have generated a legal and logical shock wave the pulsations of which ripple down to the criminal trial and undermine confidence in the outcome of the criminal trial itself.
The prejudice analysis is different, however, where appellate counsel's error deprives a criminal defendant of his entire right CT Page 9332 to appeal, e.g. by failing to file papers timely. In footnote sixteen of Bunkley v. Commissioner, supra, 459, the Supreme Court recognized that under these circumstances prejudice is established by the "absence of . . . appeal."
The petitioner argues that because his circumstance is analogous to the one described in that footnote, he should have no obligation to demonstrate that the outcome of the appeal of the habeas decision and, ultimately, his criminal trial would have been different but for Moreno's tardiness. The respondent counters that that is precisely what the petitioner must now prove, and, in addition, he must also establish a reasonable probability that the petition for certification to appeal would have been granted if timely filed. The court partly agrees and partly disagrees with both parties.
The court holds that, where a petitioner has lost the opportunity to have a petition for certification to appeal considered because of the failure of his legal representative to file such a petition timely, he has no burden to prove a reasonable probability that the outcome of the appeal, his original habeas hearing, and, ultimately, his criminal trial would have been different. Instead, the court holds that such a petitioner must prove, by a preponderance of the evidence, that, if the petition for certification to appeal had been timely filed, there exists a reasonable probability that the request for permission to appeal would have been granted.
Footnote sixteen of Bunkley v. Commissioner, supra, instructs that the nature of the prejudice to be proved depends on the relief sought. In the present case, although the petitioner has included in his prayer for relief a request that his conviction be overturned, the essence of the remedy he seeks is the restoration of his opportunity to have his petition for certification to appeal from Judge Scheinblum's decision considered on its merits rather than be denied for late filing.
It should be noted that this court lacks the authority to grant or deny the petition for certification to appeal because General Statutes § 52-470(b) expressly vests that power only with any justice of the Supreme Court, any judge of the Appellate Court, or with the judge who heard and decided the habeas matter. This court does have the power to set a new ten day period during which the petitioner may submit to the proper authority a petition for certification to appeal the original habeas decision, Gaines v.CT Page 9333Manson, 194 Conn. 510, 528 (1984).
Using the prejudice analysis described above, the court finds that the petitioner has failed to satisfy his obligation of proving that there exists a reasonable probability that, but for the lack of timely filing, his petition for certification to appeal would have been granted. Recently, our Supreme Court has announced the proper standard which applies when deciding whether to grant a petition for certification to appeal from an adverse decision of a habeas court, Simms v. Warden, 230 Conn. 608 (1994). In that case, the Supreme Court at p. 616, adopted the criteria set forth by the United States Supreme Court in Lozada v. Deeds, 498 U.S. 430
(1991), for scrutinizing certificates of probable cause to appeal from federal habeas corpus matters. These criteria are that the issues presented before the habeas are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions raised are adequate to deserve encouragement to proceed further, Simms v. Warden, supra.
The court has reviewed the memorandum of decision issued by Judge Schienblum (Joint Exhibit D). The habeas court dismissed the first ground of the petitioner's petition in that case because a claim of unreasonable search and seizure cannot be raised for the first time by way of habeas corpus, citing the reasoning of Stonev. Powell, 428 U.S. 465 (1976). As to the second ground, ineffective assistance, the habeas court found that the petitioner had proved the first prong of the Strickland test, i.e. substandard representation, but has failed to prove the second prong, i.e. sufficient prejudice resulting from that error.
The habeas court's rejection of the petitioner's search and seizure claim is now beyond debate. Absent good cause and prejudice, a petitioner may not raise issues that could have been raised at the criminal trial or on direct appeal in a habeas corpus action, Johnson v. Commissioner, 218 Conn. 403, 419 (1991). It is significant that the petitioner omits discussion of this ground in his trial brief. Clearly, Judge Scheinblum's rejection of this ground as a basis for granting habeas corpus relief falls outside the criteria adopted in Simms v. Warden, supra.
Concerning the second ground, ineffective assistance, Judge Scheinblum based his decision on insufficiency of prejudice. His conclusion in this regard was reached by the application of well-settled principles of habeas corpus law and his evaluation of the facts of the case before him. His decision involved no novel CT Page 9334 questions of law but was mostly a factual analysis of the evidence presented by the parties. He measured the prosecution and defense cases at the petitioner's criminal trial after excluding the items which the petitioner had claimed were illegally seized and found that the case against the petitioner remained a strong one.
In his trial brief, the petitioner makes much of judge Scheinblum's comments during the supplemental hearing on the issue of the late filing of the petition for certification to appeal. This court reads Judge Scheinblum's comments merely to reflect his opinion that the petitioner had satisfied the first, or deficiency, prong of the Strickland standard. The court does not read these comments to indicate that Judge Scheinblum felt that his resolution of the second, or prejudice, prong of the Strickland standard was a close call meriting further review.
The court concludes that the petitioner has failed to prove there exists a reasonable probability that the petition for certification to appeal would have been granted but for the late filing.
For these reasons, the petition is dismissed.
Sferrazza, J.