MICHAEL IOVIENO *v.* COMMISSIONER OF
CORRECTION
(14077)

Lavery, Landau and Spear, Js.

Argued October 30, 1995—decision released March 12, 1996

*Christopher C. Sheehan,* deputy assistant public defender, for the appellant (petitioner).

*Mary H. Lesser*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Christopher Alexy*, assistant state's attorney, for the appellee (respondent).

SPEAR, J. The petitioner appeals from the judgment of the habeas court dismissing his second petition for a writ of habeas corpus. He claims that the habeas court improperly required him to demonstrate that he was prejudiced by his counsel's failure to file in a timely manner a petition for certification to appeal from the judgment dismissing his first habeas corpus petition. We affirm the judgment of the habeas court.

The relevant facts are as follows. The petitioner, Michael Iovieno, was convicted of sexual assault in the first degree in violation of General Statutes § 53a-70, unlawful restraint in the first degree in violation of General Statutes § 53a-95, and three counts of burglary in the second degree in violation of General Statutes § 53a-102. On appeal, this court vacated one of the burglary convictions and remanded the case with direction to render a judgment of acquittal as to that count. We affirmed the remaining convictions. *State* v. *Iovieno*, 14 Conn. App. 710, 543 A.2d 766, cert. denied, 209 Conn. 805, 548 A.2d 440 (1988).

Thereafter, the petitioner filed a petition for a writ of habeas corpus claiming that his trial counsel was ineffective by failing to move to suppress evidence wrongfully seized. The habeas court dismissed the habeas petition, finding that trial counsel's incompetence did not prejudice the petitioner in the manner defined by *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The habeas court's memorandum of decision dismissing the petition was dated February 15, 1991, and was filed on February 22, 1991.

On March 8, 1991, the petitioner's habeas counsel filed a petition for certification to appeal. This petition was filed four days beyond the time limitation set forth in General Statutes § 52-470 (b).[1] The habeas court concluded that it did not have the discretion to consider a petition that was not timely filed. The Supreme Court, ruling on a writ of error brought by the petitioner, affirmed the habeas court's decision. *Iovieno* v. *Commissioner of Correction*, 222 Conn. 254, 608 A.2d 1174 (1992).

The petitioner filed a second habeas petition claiming that he was denied his right to effective assistance of counsel in his appeal of the dismissal of his first habeas petition. In the second petition, he requested (1) that a writ of habeas corpus be issued to bring him before this court in order that justice may be done, (2) that the conviction and sentence be vacated and the matter returned to the trial court docket for further proceedings, (3) that his right to appeal from the original habeas court decision be restored provided that a petition for certification be filed within ten days from the date of this decision, and (4) such other relief as deemed equitable and just.

The habeas court, in addressing the merits of the petition, first found that a statutory right to effective assistance of counsel exists in appeals from adverse habeas corpus decisions. The court then found that the conduct of the petitioner's counsel in failing to file the petition for certification in a timely manner fell below

---

[1] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, *within ten days after the case is decided,* petitions the judge before whom the case was tried or a judge of the supreme court or appellate court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies." (Emphasis added.)

an objective standard of reasonable representation. The court concluded, however, that the petitioner had not proven that such deficient representation had prejudiced him and, therefore, dismissed the petition.

The petitioner claims that his counsel's conduct constituted per se prejudice, and, therefore, he was not required to prove prejudice. In rejecting this claim, the habeas court stated that the petitioner failed to prove that "there exists a reasonable probability that, but for the lack of timely filing, his petition for certification would have been granted." The habeas court granted a timely filed petition for certification to appeal its decision.

The petitioner asserts that the habeas court had the authority to remedy his counsel's failure to file a petition for certification to appeal in a timely manner by "starting the time limit anew for the filing of the petition for certification from the first habeas decision."[2] We disagree, and conclude that because the time limitation contained in § 52-470 (b) implicates subject matter jurisdiction, a habeas court does not have the authority to set a new ten day period for filing a petition for certification to appeal.

The following procedural history is pertinent to this issue. The habeas court, in addressing the petitioner's second habeas petition, conducted a thorough analysis regarding the petitioner's ineffective assistance of counsel claim. The court applied the two-prong test enunciated in *Strickland* v. *Washington,* supra, 466 U.S. 668.[3]

[2] Although the petitioner requested other forms of relief in his habeas corpus petition, the court ruled only on his request for a new ten day period to file a petition for certification to appeal. Because that is the only issue briefed on appeal, we need not decide whether some other relief would be appropriate where a petition for certification to appeal is filed after the expiration of the ten day period.

[3] Our courts have steadfastly embraced the *Strickland* analysis. See, e.g., *Commissioner of Correction* v. *Rodriquez,* 222 Conn. 469, 477, 610 A.2d

The court found that the petitioner had satisfied the first prong of *Strickland* by proving that his habeas counsel's performance fell below an objective standard of reasonableness. In examining the second prong of *Strickland*, often termed the prejudice prong, the court applied the criteria established in *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991),[4] to determine whether the petitioner had proven, by a preponderance of the evidence, that there existed a reasonable probability that the petition for certification for appeal would have been granted. The court concluded that the petitioner did not satisfy this second prong and, thus, dismissed the habeas petition.

While we agree with the habeas court's ultimate decision to dismiss the petition, we disagree with the court's reasoning in support of that result. " 'Where the . . . court reaches a correct decision but on mistaken grounds, this court has repeatedly sustained the . . . court's action if proper grounds exist to support it.' " *Kelley* v. *Bonney*, 221 Conn. 549, 592, 606 A.2d 693 (1992), quoting *Morris* v. *Costa*, 174 Conn. 592, 597–98, 392 A.2d 468 (1978). The habeas court's *Lozada* analysis implies that the court had subject matter jurisdiction to reinstate the ten day certification period had the court concluded that the petitioner satisfied both prongs of *Strickland*. Our case law dictates that the failure to file the petition within ten days of the judgment of dismissal deprived the court of subject matter jurisdiction to grant a new ten day period.

"[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent

---

631 (1992); *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 454–55, 610 A.2d 598 (1992).

[1] To satisfy the criteria established in *Lozada*, the habeas petitioner must demonstrate that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quota-

either in the trial court or here." (Internal quotation marks omitted.) *Serrani* v. *Board of Ethics*, 225 Conn. 305, 308, 622 A.2d 1009 (1993). Moreover, the subject matter jurisdiction of our court is strictly defined by statute. *Simms* v. *Warden*, 229 Conn. 178, 181, 640 A.2d 601 (1994); *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 759–60, 628 A.2d 1303 (1993); *Grieco* v. *Zoning Commission*, 226 Conn. 230, 231, 627 A.2d 432 (1993).

Our conclusion that the ten day time limitation of § 52-470 (b) is jurisdictional has much support. "[T]ime limitations on the right to appeal that are contained in statutes, rather than in provisions of the Practice Book, are subject matter jurisdictional. . . . The rationale for this . . . is that our appellate subject matter jurisdiction is created by statute, and we have no power to enlarge or circumscribe it." (Citations omitted.) *Ambroise* v. *William Raveis Real Estate, Inc.*, supra 226 Conn. 763.[5] The Supreme Court in *Ambroise* cites *Iovieno* v. *Commissioner of Correction*, supra, 222 Conn. 254, and refers to § 52-470 as one such statute that contains a time limitation that defines the subject matter jurisdiction of the court. *Ambroise* v. *William Raveis Real Estate, Inc.*, supra, 763.

We note, however, that our Supreme Court in *Iovieno* did not explicitly state that the untimely petition deprived the habeas court of subject matter jurisdiction, but rather concluded that "the habeas court was correct in concluding that it had *no discretion* to consider an

tion marks omitted.) *Lozada* v. *Deeds*, supra, 498 U.S. 432; see also *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

[5] The concurrence relies on *Fredericks* v. *Reincke*, 152 Conn. 501, 508, 208 A.2d 756 (1965), for the proposition that where a right of appeal required by the federal constitution has been denied, "any rule restricting an appeal merely because of lapse of time necessarily is ineffective to preclude an appeal in accordance with federal constitutional requirements." That case, however, was decided before the ten day time limitation was added to the statute in 1967.

untimely petition for certification to appeal." (Emphasis added.) *Iovieno* v. *Commissioner of Correction,* supra, 222 Conn. 258. Despite the difference in language, our courts have discerned no practical difference between a court's having no subject matter jurisdiction and a court's having no discretion.

In *HUD/Barbour-Waverly* v. *Wilson,* 235 Conn. 650, 668 A.2d 1309 (1995), the Supreme Court addressed whether the failure to file an appeal from a judgment of possession in a summary process eviction proceeding within five days as prescribed by General Statutes § 47a-35 deprived the court of subject matter jurisdiction. The court, relying on *Ambroise,* held that the statutory time limitations implicated subject matter jurisdiction. Id., 656. After citing *Iovieno* and stating that the "habeas court [has] no discretion to hear untimely appeals"; id., 657; the court concluded that "[t]he absolute nature of the legislative pronouncement regarding the ability to appeal a summary process judgment strongly suggests that *compliance with its mandate is a necessary prerequisite to an appellate court's subject matter jurisdiction.*" (Emphasis added.) Id; see also *State* v. *Southard,* 191 Conn. 506, 508, 467 A.2d 920 (1983) ("court's jurisdiction is limited by statute to appeals from final judgments . . . and accordingly we have no discretion to enlarge our jurisdiction in abrogation of the final judgment rule"). This court has similarly discerned no difference between a lack of jurisdiction and a lack of discretion. See *Martone* v. *Martone,* 28 Conn. App. 208, 217, 611 A.2d 896, cert. denied, 224 Conn. 909, 617 A.2d 166 (1992) (court had no jurisdiction and, therefore, no discretion to alter prior distribution of assets that had been subject of parties' stipulation).

We conclude that the late filing of the petition for certification to appeal implicates the subject matter jurisdiction of the habeas court. As such, the habeas

court, as a matter of law, did not have the authority to set a new ten day period.

The judgment is affirmed.

In this opinion LANDAU, J., concurred.

LAVERY, J., concurring. I agree with the majority that the judgment of the habeas court should be affirmed. I conclude that the habeas court correctly applied the *Strickland* analysis and would affirm the denial of habeas relief because habeas counsel's incompetence did not prejudice the petitioner. I disagree with the majority's conclusion that the habeas court did not have the authority to grant the requested relief and, therefore, write separately.

The petitioner in this case alleges that he is entitled to habeas corpus relief because his attorney failed to file in a timely manner a petition for certification to appeal from the judgment dismissing his first habeas corpus petition. The habeas court denied relief, finding that habeas counsel's incompetence did not prejudice the petitioner in the manner defined by *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The majority does not affirm the judgment of the trial court on the ground that the petitioner failed to prove prejudice under the *Strickland* analysis. The majority concludes that the late filing of the petition for certification to appeal implicates the subject matter jurisdiction of the habeas court, and, as such, the habeas court did not have the authority to set a new ten day period.

The issue raised by the majority is whether the habeas court, or this court, has the authority to grant the relief sought by the petitioner, namely, a new ten day period in which to file a petition for certification. The majority

states that General Statutes § 52-470 (b)[1] precludes this court from granting this relief because the failure to file the petition within ten days of the judgment of dismissal deprived the court of subject matter jurisdiction to grant a new ten day period.

In support of this proposition, the majority relies on *Iovieno* v. *Commissioner of Correction*, 222 Conn. 254, 608 A.2d 1174 (1992). In that decision, our Supreme Court held that under § 52-470 (b), a habeas court has no discretion to consider an untimely petition for certification to appeal. That court did not hold that reinstatement of the ten day period was not an available remedy under General Statutes § 52-470 (a)[2] in a subsequent habeas proceeding based on ineffective assistance of habeas counsel. This case, therefore, is not controlled by the Supreme Court's *Iovieno* decision. While I recognize that our cases hold that appellate subject matter jurisdiction is created by statute, and this court has no power to enlarge or circumscribe it; *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 763, 828 A.2d 1303 (1993); I disagree with the majority's conclusion that § 52-470 (b) precludes this court from granting the requested relief because a new ten day period would enlarge appellate jurisdiction.

Under General Statutes § 52-470 (a), the habeas court has power to dispose of the case "as law and justice

[1] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the supreme court or appellate court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

[2] General Statutes § 52-470 (a) provides: "The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require."

require." "In the exercise of its power under § 52-470 to grant such relief 'as law and justice require,' the trial court, much like a court of equity, has considerable discretion to frame a remedy, so long as that remedy is commensurate with the scope of the constitutional violations which have been established." *Gaines* v. *Manson*, 194 Conn. 510, 528, 481 A.2d 1084 (1984). For example, in cases in which a habeas court properly determines that a right of appeal required by the federal constitution has been denied, "any rule restricting an appeal merely because of lapse of time necessarily is ineffective to preclude an appeal in accordance with federal constitutional requirements." *Fredericks* v. *Reincke*, 152 Conn. 501, 508, 208 A.2d 756 (1965). I believe that the same reasoning applies in a case involving the denial of the constitutional right to effective assistance of counsel, and mandates a similar conclusion with respect to § 52-470.

I conclude that the habeas court has the authority to grant the requested relief. I would affirm the judgment of the habeas court because it properly applied the *Strickland* analysis.