## DWAIN CHARLTON *v.* COMMISSIONER OF CORRECTION
### (SC 15450)

Callahan, C. J., and Berdon, Norcott, Palmer and McDonald, Js.

Argued February 21—officially released August 26, 1997

James A. Shanley, Jr., special public defender, for the appellant (petitioner).

James A. Killen, assistant state's attorney, with whom, on the brief, were Michael Dearington, state's attorney, and Christopher Alexy, assistant state's attorney, for the appellee (respondent).

*Opinion*

BERDON, J. This appeal is a companion to the appeal in *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 699 A.2d 1003 (1997), which we have decided today. As in that case, the dispositive issue in this appeal is whether the ten day limitation period set forth in General Statutes § 52-470 (b),[1] applicable to petitions for certification to appeal from judgments in habeas corpus proceedings, implicates the subject matter jurisdiction of a habeas court so as to deprive that court of authority to hear an untimely filed petition.

The petitioner filed a petition for a writ of habeas corpus. The petition was dismissed by the habeas court on its merits, and subsequently the petitioner filed a petition for certification to appeal. The habeas court

[1] General Statutes § 52-470 provides: "Summary disposal of the case. Appeal by person convicted of crime. (a) The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require.

"(b) No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the Supreme Court or Appellate Court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

dismissed that petition as untimely, and a motion for reconsideration followed. The habeas court denied the motion, and the petitioner appealed to the Appellate Court, which dismissed the appeal without an opinion, concluding that it lacked subject matter jurisdiction to consider an untimely petition. We granted certification to resolve the issue of subject matter jurisdiction over untimely appeals.[2] We reverse the decision of the Appellate Court.

The relevant facts and procedural history are as follows. The petitioner, Dwain Charlton, was convicted, after a jury trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (3). His conviction was affirmed on direct appeal to the Appellate Court. *State v. Charlton*, 30 Conn. App. 359, 620 A.2d 1297, cert. denied, 225 Conn. 922, 625 A.2d 824 (1993). Thereafter, the petitioner filed a petition for a writ of habeas corpus claiming: (1) that he was denied the effective assistance of counsel because his trial counsel failed to conduct an adequate pretrial investigation; and (2) that newly discovered evidence entitled him to habeas corpus relief in the form of a new trial. The petitioner withdrew the first claim at an earlier stage in the proceeding.

The habeas court dismissed the pro se petition for a writ of habeas corpus after considering it on its merits. The court concluded that the petitioner had failed to demonstrate, as required under the relevant standard announced in *Herrera* v. *Collins*, 506 U.S. 390, 429, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993), that "based on proffered newly discovered evidence and the entire record before the jury that convicted him, no rational

---

[2] We granted the petition for certification limited to the following question: "Does the failure of a person aggrieved by a decision on a petition for habeas corpus to seek certification to appeal within the time limits of General Statutes § 52-470 (b) deprive the Appellate Court of subject matter jurisdiction over the appeal?" *Charlton* v. *Commissioner of Correction*, 237 Conn. 923, 677 A.2d 946 (1996).

trier of fact could [find] proof of guilt beyond a reasonable doubt." (Internal quotation marks omitted.) (White, J., concurring.) The court rendered its judgment on July 28, 1995.

On August 8, 1995, eleven days after the habeas court's decision, the petitioner filed a petition for certification to appeal from the judgment. This petition was filed one day beyond the time limitation set forth in § 52-470 (b). The habeas court dismissed the petition on the ground that it was filed more than ten days after the rendition of the underlying judgment and, as a result, the court lacked subject matter jurisdiction to consider the petition. The petitioner's subsequent motion for reconsideration was also denied, with the court's order providing, "[s]ee *Iovieno* v. *Commissioner of Correction*, 222 Conn. 254 [608 A.2d 1174 (1992)]." A second motion for reconsideration was filed, but before it was acted upon, the petitioner's request for waiver of fees and appointment of appellate counsel was granted and an appeal was taken to the Appellate Court.

After the case was briefed by the parties, the Appellate Court issued an order sua sponte directing the parties to appear and give reasons, if any, why the appeal should not be dismissed due to failure to seek certification to appeal within the time limits set forth by § 52-470 (b). After hearing argument on that issue, the Appellate Court dismissed the petition, concluding that once the petitioner failed to file his petition for certification within the statutorily defined limitation period, it lacked subject matter jurisdiction to consider the appeal. On June 17, 1996, this court granted certification to appeal from the judgment of the Appellate Court. *Charlton* v. *Commissioner of Correction*, 237 Conn. 923, 677 A.2d 946 (1996).

We addressed the precise issue of subject matter jurisdiction under § 52-470 (b) raised here by the peti-

tioner in *Iovieno* v. *Commissioner of Correction*, supra, 242 Conn. 694–700, and, for the reasons set forth in that decision, we reverse the judgment of the Appellate Court in this case.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the judgment of the habeas court and to remand the case to the habeas court for consideration of the petition for certification to appeal in accordance with the principles announced today.

In this opinion NORCOTT and PALMER, Js., concurred.

CALLAHAN, C. J., dissenting. I disagree with the majority's conclusion that the ten day limitation period of General Statutes § 52-470 is not subject matter jurisdictional for the reasons stated in my dissent in *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 699 A.2d 1003 (1997). Therefore, I respectfully dissent.

MCDONALD, J., dissenting. I agree with the conclusion reached by Chief Justice Callahan in his dissent. Accordingly, I concur in the result that the dissent would reach.