[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION OF CERTIFICATION
In February, 1991, the petitioner's writ of Habeas Corpus was tried before the undersigned and dismissed. The Court's decision was filed February 22, 1991. Counsel filed a petition for certification to appeal on March 8, 1991, more than the ten days allowed pursuant to C.G.S. 52-470(b). After a hearing on the CT Page 3401 timeliness of the filing of the petition for certification, the Court denied Iovieno permission to appeal, holding that the statute prohibited discretion to allow more than ten days. The Court's ruling was sustained by our Supreme Court. Iovieno v.Commissioner of Correction, 222 Conn. 254 (1992).
Iovieno brought a new petition for writ of Habeas Corpus alleging ineffectiveness of Habeas counsel. That petition was denied, the trial court concluding that the second prong ofStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984), requiring the petitioner to establish prejudice, had not been met.
The decision of the Habeas Court was appealed an ultimately overruled by our Supreme Court. Iovieno v. Commissioner ofCorrections, 242 Conn. 689 (1997). As a result of that opinion, the matter has been remanded to this court to consider the merits of Iovieno's petition for certification to appeal its decision denying Habeas relief in 1991.
Having reviewed the undersigned's Memorandum of Decision dated February 15, 1991, and the transcript of the Court's decision denying the Petition for Certification, this Court concludes that the Petition for Certification should be denied. The Court relies upon its conclusion that even if original trial counsel had filed a Motion to Suppress and even if he had been successful in suppressing certain evidence claimed to have been seized illegally, there was sufficient additional evidence for the trier of fact to conclude that he was proven guilty beyond a reasonable doubt. The Court further relies upon its conclusion that trial counsel's failure to call Sisson to the stand did not amount to representation which "fell below an objective standard of reasonableness."
By the Court
Scheinblum, J.